Tompkins, J.,
delivered the opinion of the Court.
S. H. & D. H. Maulsby sued George Farr in the Circuit Court of New Madrid county, and procured an attachment to be issued against the property of Farr. In this writ the Sheriff was not commanded to. summon any particular person as garnishee ; but he summoned Robert Pollock as such, and Pollock failing to appear at the return term of the writ, judgment was entered against him by default. At a term subsequent to the enlry of such judgment, Pollock came in and moved the Court to set aside the- judgment thus entered against him j, two days after, the plaintiff moved the Court for leave for the Sheriff to amend his return on the writ of attach-, ment, the motion to set aside the judgment not being yet decided on. The Court set aside the judgment by default, and from the decision of the Court, setting aside this, judgment by default, the plaintiff' appeals. It does not appear by the Sheriff’s return, that any properly of Farr was attached in the hands of the garnishee, but that the-writ was served by reading it to Pollock, in presence of witnesses, &c.
*309 The third section of the act to provide a method of proceeding against absent and absconding debtors, directs that the manner of attaching the lands and tenements of such defendant shall be by the officer’s going to the place where, or to the person who is supposed to be indebted to the defendant, or in whose hands or possession any lands, tenements, &c'., may be supposed to be, and then declaring in presence of one or more creditable persons of the neighborhood, that ho attached the same, and the manner of summoning the person in whose hands or possession the same may be attached, shall be by reading the said writ, or delivering a copy thereof to him, or leaving a copy, &c.
Now the failure to return on the writ, that the officer had attached lands, &c., in the hands of the garnishee, is clearly such a dofeet as would justify the Court in setting aside the judgment by default against Pollock. The question here arises, ought the Circuit Court to have admitted the amendment offered by the plaintiff? The amendment came too late. After the garnishee had applied to have the judgment set aside lor irregularity, it was too late for the plaintiff to come in for leave to have the defect in the return of the writ amended. But had the amendment been offered in time, it is not such as in the opinion of this Court, ought to have been received. It is in these words, 'kind further then and there, at the same time I declared to the said Robert Pollock in his hearing in the presence of, &c.” That by virtue of said writ, I attached all the goods and chattels, lands and tenements of the said George Farr, then in his, said Pollock’s, possession. As he was not commanded to summon Pollock, but did so only by the general power granted in the writ, he ought to have shown that he had found property of the defendant in Pollock’s hands, and what that property was, to justify the act of summoning him to appear to answer the idamtiff’s action. The judgment of the Circuit Court is affirmed,