BLAISDELL, Appellant, *vs.* STEAMBOAT WILLIAM POPE, Respondent.

1. A return to a writ against a boat which omits to state that the officer *seized the boat* is defective.
2. It is not too late to amend the return after motion filed to set aside the judgment. *Maulsby* v. *Farr*, 3 Mo. Rep., overruled.
3. The officer who executed the writ may amend his return, although when leave is given to amend, he has ceased to be the officer of the court.
4. It is not necessary for the officer to state in his return that he retains the boat in custody.

*Appeal from St. Louis Law Commissioner's Court.*

*P. B. Garesché,* for appellant.
*M. L. Gray,* for respondent.

GAMBLE, Judge, delivered the opinion of the court.

1. The officer having a writ to seize the boat William Pope, made his return upon it in these words : "Executed this writ in the county of St. Louis, by going on board the steamboat

11—VOL. XIX.

Wm. Pope and offering to read the writ and petition to Selar Simons, captain ; also by leaving a true copy of this writ and petition at the usual place of abode of Oliver Harris, with a white person of the family, above the age of fifteen years. February 22, 1853. This return is defective in not stating that he had seized the boat.

A judgment was rendered by default and damages assessed. A motion was made to set aside the judgment, and, pending that motion, upon leave given by the court, the return of the officer was amended by stating that he had seized the boat.

A new motion was made to set aside the judgment, upon the grounds that the original return of the officer not showing that he had seized the boat, the court had not jurisdiction to proceed in the cause ; that the amendment was improperly permitted, because a motion was at the time pending to set aside the judgment, on account of the defect in the return ; that the amendment in the return was improperly made, because the officer who had executed the process had been superseded by an act of assembly which made the marshal of the county the officer of the law commissioner's court. It was also insisted that the return, as amended. was insufficient to sustain the jurisdiction of the court, because it did not state that the officer retained the boat in his custody.

The law commissioner sustained the motion of the defendant to set aside the judgment, and dismissed the case for want of jurisdiction. The case is brought here by writ of error, and the same objections to the jurisdiction of the court are made here.

2. The case of *Maulsby* v. *Farr*, 3 Mo. 438, is referred to, as sustaining the position that, after a motion to set aside a judgment for defect in a sheriff's return, it is too late to ask leave to amend the return. In that case, the amendment was not allowed, and the judge delivering the opinion of the court says, " that the application to amend came too late, as a motion to set aside the judgment was pending." But he proceeds further to say, that the amendment proposed to be made

would not have helped the return. It would still have been insufficient. We do not assent to the correctness of the position that a motion to amend a return is too late after a motion made to set aside the judgment. Such motions to amend may be made even after error brought to reverse the judgment. *Irvine* v. *Scobee*, 5 Litt. Rep. 70. *Muldrow* v. *Bates*, 5 Mo. Rep. 214.

3. The fact that the officer who executed the writ was no longer the officer of the court, when leave was given to amend the return, is no objection to the amendment. In 7 Bac. Abr. 195, it is said : " If the return of the old sheriff happen to be erroneous, and a new sheriff be chosen, yet the court may cause the old sheriff or his under sheriff, clerk or deputy to amend the same."

4. The command of the writ that the officer seizing a boat shall keep her until discharged by due course of law, does not require that he should make such fact a part of his return. When he returns that he has seized the boat, the duties that the law imposes upon him in consequence of that act, need not be shown in the return, in order to give the court jurisdiction of the cause. If she has been sold under the statute, or has been released on bond, the officer ought to return such facts ; but, in the absence of such statement, his return imports that he still has possession of the boat.

The court below erred in setting aside the judgment in this case, and that decision is reversed, with the concurrence of the other judges.