JACKSON
v.
THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.

---

JACKSON *v.* THE OHIO AND MISSISSIPPI RAILROAD COMPANY.

An officer should be permitted, on leave asked of the Court, to so amend his return as to show the real manner of service of process.

APPEAL from the *Ripley* Circuit Court.

DAVISON, J.—*Jackson* sued the *Ohio and Mississippi Railroad Company* before a justice of the peace, alleging in his complaint, "that on *April* 3, 1858, at, &c., the defendant, by her locomotives and cars, on said road, killed one work ox belonging to the plaintiff. To his damage, $75, &c. Process, issued by the justice, was returned, indorsed thus: "Served by copy on *William P. Gold*, conductor for the *Louisville* express, *April* 22, 1858, *M. Ferren, C. O. T.*" On the day of trial, the defendant, having failed to appear, was defaulted: the cause was tried in her absence, and judgment given in favor of the plaintiff for $65. From this judgment, the defendant appealed; and in the Circuit Court, to which the cause was taken by appeal, moved to dismiss the suit, on the alleged ground, that there was no service on the defendant, of the process issued by the justice. Pending this motion, the plaintiff moved that the constable who served the process, said constable being then present in court, be allowed to amend his return, by adding thereto immediately after the words "*Louisville* express," these words: "a train running over, and owned by, said *Ohio and Mississippi Railroad;*" and, also, by changing the signature and words "*M. Ferren, C. O. T.,*" to "*Montgomery Ferren*, Const. *Otter* Creek township, *Ripley* county, *Indiana.*"

These amendments were refused by the Court, and the motion to dismiss was sustained. In this, we think there was error. The constable should have been allowed to amend his return. See *New Albany and Salem Railroad Company* v. *Laiman*, 8 Ind. 212; *Same* v. *Chamberlain, ib.* 278; *Same* v. *Grooms*, 9 *ib.* 243. These authorities are decisive that such amendments are allowable. It follows that the motion to dismiss the suit should have been overruled.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*A. C. & H. A. Downey, J. H. Cravens*, and *J. G. Berkshire*, for appellant.

*Wm. S. Holman*, for appellee.