Walter and Others v. Palmer and Others.

WALTER and Others v. PALMER and Others.

As a general rule, a sheriff may be allowed to amend his return on an execution, where it defectively describes the land levied on, but the Court, though it may allow him so to amend, has no power to compel him to do so, or to make the order directing such amendment to be made.

APPEAL from the *Delaware* Circuit Court.

DAVISON, J.—This was a proceeding by notice and motion to correct a levy and return of an execution. The appellees, *Courtland Palmer* and *Francis T. Wallace*, were the plaintiffs, and *William Estill*, *Matthew Jack*, *Walter March*, as executor of *John Jack*, deceased, and *Susan*, *Emily* and *Martha Jack*, heirs of said deceased, were defendants. The notice is directed to the defendant, and alleges these facts: At the *March* term, 1858, the plaintiffs, *Palmer* and *Wallace*, recovered a judgment in the *Delaware* Circuit Court against *John Jack*, then in life, but now deceased, *William Estill* and *Matthew Jack*, for 1,172 dollars. On the 19th of *July*, 1859, an execution was duly issued, upon this judgment, to the sheriff of *Delaware* county, who levied the same "on the west half of the south-west quarter, and the south-east quarter of the south-west quarter, and the west half of the north-east quarter of the south-west quarter of section 26, township 22, north of range 10 east, and the following tract, commencing on the north-west corner of *Peter Allen's* three acree lot, at a rock in the middle of the *Walnut* street turnpike, thence running east $295\frac{76}{100}$ feet to a stake, thence north $147\frac{58}{100}$ feet to the place of beginning; being a part of the south-west quarter of sec. 15, township 20, range 10, containing one acre, more or less, all in said county of *Delaware*."

It is averred that the sheriff advertised said lands for sale on the 27th of *August*, 1859, and that by his mistake and negligence he omitted to enter and record on said execution all

that part of the land described as being in section 26, township 22, range 10, and also, by his mistake and negligence, he failed to get and record a true description of the one acre piece above described as being in sec. 15, township 20, range 10. The notice concludes thus: "You are, therefore, notified that, on the second day of the next term of said Circuit Court, the plaintiffs will move to correct said levy and return and make the same read as herein described."

The defendants demurred:

1. To the notice.

2. To that part of it which relates to the lands situate in section 26; and

3. There was a separate demurrer for a defect of parties.

The first and third demurrers were overruled, and the second sustained.

Defendants answered by four paragraphs: The first, second and third led to issues of fact; to the fourth the Court sustained a demurrer. The issues were submitted to the Court who found for the plaintiffs, and having refused a new trial, adjudged that the said levy and return be corrected, as moved by the plaintiffs.

These various rulings of the Court, in overruling the demurrers to the notice, in sustaining the demurrer to the fourth paragraph of the answer, and in refusing a new trial, are assigned for error. As a general rule a sheriff may be allowed to amend his return on an execution, where it defectively describes the lands levied on; but the Court, though it may allow him so to amend, has no power to compel him to do so, or to make an order directing such amendment to be made. And if the notice and motion in this case be regarded a complaint to allow the sheriff to make the proposed amendment, it is, plainly, defective; because the sheriff, who is alone authorized, by permission of the Court, to correct his return, ought

to be, but is not, made a party to the proceeding. Allen on Sheriffs, p. 260.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded.

*Walter March,* for the appellants.
*David Nation,* for the appellees.