The State v. Gibson.

---

## THE STATE v. GIBSON.

1. **Criminal law :** CHANGE OF VENUE : AMENDMENT OF CERTIFICATE. Where a change of venue had been ordered in a criminal prosecution, and the papers forwarded to and received by the court of the county to which the change was taken, it was held not erroneous to permit the clerk of the court *from* which the change was taken, and who was present at the court of the county *to* which the change was taken, on the calling of the case for trial, to so amend his certificate attached to the transcript as to show the fact that it contained the original papers, which he had omitted to state in his certificate, as originally made.

2. —— JURY. It was further *held,* that the taking with them by the jury, upon their retirement to consider their verdict, the papers in the case, including the information, transcript from the justice before whom the prosecution was originally commenced, transcript on the change of venue, including the affidavits for the change, would not work a reversal of the case, when it was not shown that any of the jurors examined the papers, nor that any prejudice resulted to the defendant.

3. —— VENUE : EVIDENCE. In a prosecution for an assault and battery, it is not necessary to prove the township in which the assault was committed. It it sufficient to prove the county.

*Appeal from Clarke Circuit Court.*

THURSDAY, JULY 28.

PROSECUTION for an assault and battery commenced before a justice of the peace of Decatur county, where the defendant was convicted and fined fifty dollars. He appealed to the circuit court, and afterward obtained a change of venue to Clarke county, where he was again tried and convicted, and fined thirty dollars. The defendant now appeals to this court.

*J. W. Penny* for the appellant.

*H. O'Conner*, attorney-general, for the state.

COLE, Ch. J. — I. The clerk of the circuit court of Decatur county, in making his certificate to the transcript

1. CRIMINAL LAW : change of venue : amendment of certificate.

and papers made out to be forwarded on the change of venue to Clarke county, omitted therefrom the words "and the original papers." On the calling of the cause in the Clarke circuit court, the clerk of the Decatur circuit court being present, was permitted to add the omitted words to his certificate by interlineation. This is assigned as error. There is no question by counsel as to the truthfulness of the amendment. And there is certainly none by us of the propriety and rightfulness of the action of the court in allowing it.

II. The jury, on their retirement to consider of their verdict, were permitted to take with them the papers in

2. — jury.

the case, including the information, transcript from the justice, transcript from Decatur county, including affidavits for change of venue, etc. This is claimed as error. There is no showing that the jurors, or either of them, examined the papers, or of any prejudice in any way resulting to defendant by reason of such permission.

In the absence of some showing in relation thereto, we cannot reverse.

III. The defendant asked the court to instruct the jury that "the state must prove the defendant assaulted one J. L. Sims, in Leon, Center township, Decatur county, Iowa, or you must acquit," which the court refused. There was no error in this. It was sufficient for the state to prove the county in which the offense was committed; it was not requisite to prove either the village, city or township.

*3. —— venue: evidence.*

Affirmed.