DWIGGINS ET AL. *v.* COOK ET AL.

No. 7086.

JUDGMENT.—*Courts.—Jurisdiction.—Presumption.*—Where, in a collateral attack upon the judgment of a domestic court of general jurisdiction, the record is silent upon the subject, jurisdiction of the person will be presumed.

EXECUTION.—*Amendment of Return by Sheriff after Expiration of Term of Office.*—A sheriff whose term of office has expired may, under the sanction of the court, amend his return upon an execution so as to make it speak the truth.

SAME.—*Supreme Court.*—In matters of amendments to returns, great liberality is indulged, and, where the amendment is sanctioned by the court below, it will be sustained by the Supreme Court.

JUDGMENT.—*Party to Action.*—In a collateral suit, the validity of a judgment can not be called in question, because a necessary party was omitd in such suit.

From the Madison Circuit Court.

*H. D. Thompson,* for appellants.

*C. D. Thompson, M. S. Robinson* and *J. W. Lovett,* for appellees.

ELLIOTT, J.—The appellant sought by her complaint to have a sale of real estate made by the sheriff set aside. The issue joined upon her complaint was found against her, and she unsuccessfully moved for a new trial. The only error assigned is that the court erred in overruling appellant's motion for a new trial.

Counsel insist that the sale made by the sheriff should have been set aside because the judgment on which it was founded was rendered against infant defendants without any process having been served upon them. There is nothing in the record to show that the infant defendants were not properly summoned into court. The appellant did not introduce the entire record of the cause in which the judgment was rendered, and from the fragmentary part of the record put in evidence we can not say that the court rendered a judgment without having obtained juris-

diction of the persons of the defendants. In cases where a collateral attack is made upon the judgment of a domestic court of general jurisdiction the rule is, that, if the record is silent upon the subject, jurisdiction of the person will be presumed. *Waltz* v. *Borroway*, 25 Ind. 380; *Hawkins* v. *Hawkins' Adm'r*, 28 Ind. 66; *Gavin* v. *Graydon*, 41 Ind. 559.

The appellant complains that an amendment to the return to the execution upon which the property was sold was allowed to be made by one who, at the time of making the return, was sheriff, but who was out of office at the time of making the amendment. It is well settled that a sheriff may, under sanction of the court, at any time, so amend his return as to make it speak the truth, and we can see no reason why an officer whose term of office has expired may not amend a return made by him while in office. The ground upon which all the cases proceed is, that the amendment speaks from the date of the original return and is the act of the officer as of that time. The reason of the rule would therefore quite as forcibly apply to the acts of one whose official term has expired as to those of one in office. It would be unjust to overthrow a title which the truth would uphold, by refusing to allow an amendment to be made to a sheriff's return which would cause it to speak the truth.

The authorities are strongly in favor of the right to amend a return after the expiration of the official term. It is said in Bacon's Abridgment that, " If the return of the old sheriff happen to be erroneous, and a new sheriff be chosen, yet the court may cause the old sheriff or his under sheriff, clerk or deputy to amend the same." 7 Bac. Abr. 195. *Adams* v. *Robinson*, 1 Pick. 461; *Childs* v. *Barrows*, 9 Met. 413; *Blaisdell* v. *Steamboat Wm. Pope*, 19 Mo. 157.

It is fairly inferable that the amendment in this case was

made under the sanction and approval of the court, although no formal leave appears to have been obtained on motion. But the rule is, that great liberality in amending returns shall be allowed, and no formal proceedings are necessary. In *Moore* v. *Purple*, 3 Gilman, 149, it was said: " Amendments by sheriffs to their returns to process are of course. No resistance could have been made to the application to amend." Whether amendments can or can not be made as of course, we need not now decide, but we do hold that in the matter of amendments to returns great liberality is to be indulged, and that, where the amendment is sanctioned by the court, it will be sustained. *Morris* v. *The Trustees, etc.*, 15 Ill. 266; *Kitchen* v. *Reinsky*, 42 Mo. 427; *Dunn* v. *Rodgers*, 43 Ill. 260; *Jackson* v. *The Ohio, etc., R. R. Co.*, 15 Ind. 192; *The State* v. *Gibson*, 29 Iowa, 295.

It is argued that the judgment, upon which the validity of the sale depends, was void because one at least of the heirs of the deceased mortgagor was not made a party to the action. We can not, from the incomplete record introduced by the appellant, say that any necessary party was omitted, but if we could that would not entitle the appellant to a judgment setting aside the sale. *Waltz* v. *Borroway*, 25 Ind. 380.

Judgment affirmed.