Turner *et ux.* v. The First National Bank of Madison.

No. 7099.

TURNER ET UX. *v.* THE FIRST NATIONAL BANK OF MADISON.

REAL ESTATE.—*Action to Recover.—Evidence.—Judgment.—Harmless Error.*—In a suit for the possession of real estate, by the purchaser at a sale on execution against the execution defendant, the judgment entry is sufficient proof *prima facie* of the judgment, and the pleadings need not be put in evidence, though, if admitted, the error is harmless.

SAME.—*Sheriff's Sale.—Assignee of Certificate.—Evidence.—Title in Stranger.*—In a suit for the possession of real estate, brought by the purchaser at sheriff's sale against the execution defendant, the defendant is not permitted to prove title in a stranger, and the assignee of the sheriff's certificate, who receives a sheriff's deed thereon, is, in legal effect, the purchaser at the sheriff's sale, within the meaning of this rule.

SAME.—*Receipt.—Execution.—Res Gestæ.—Harmless Error.—Semble,* that a receipt from a judgment plaintiff to the sheriff for the proceeds of lands sold on execution issued on a judgment is competent evidence as a part of the *res gestæ,* in an action by the purchaser against the execution defendant for possession of the lands; but, in any event, such evidence is harmless.

EXECUTION.—*Sheriff's Return.—Amendment.*—It is lawful for one who, as sheriff, executed process, to amend his return, by leave of the court, even after the expiration of his term of office.

NATIONAL BANK.—*Right to Hold Real Estate.*—A national bank has authority to take title to real estate in discharge of indebtedness previously contracted.

PRACTICE.—*Instructions.—Evidence.*—It is the duty of the court, by instructions, to construe record and other written evidence in the cause, and to state its effect.

SHERIFF'S DEED.—*Date.—Delivery.*—The date of a sheriff's deed is *prima facie* evidence of the time of its delivery.

From the Jefferson Circuit Court.

*E. R. Wilson,* for appellants.

*C. A. Korbly,* for appellee.

NIBLACK, J.—The First National Bank of Madison brought this action against William S. Turner and Eliza A. Turner, his wife, to recover the possession of, and to quiet its title to, an eighty-acre tract of land in Jefferson county.

Both defendants answered in general denial.

Mrs. Turner also filed a cross-complaint against the plaintiff and her co-defendant, alleging that, on the 7th day of October, 1859, her husband and co-defendant purchased the land described in the plaintiff's complaint, together with other lands, for the sum of two thousand dollars, and received a deed of conveyance therefor; that previous to his said purchase he procured from her the sum of five hundred dollars, to be paid as purchase-money, and which was paid as such, on said lands, and in consideration thereof it was agreed by her said husband that said money should be a lien on said lands for the repayment of the same to her, with ten per cent. interest thereon, he to pay, and having since paid, the remainder of the purchase-money out of his own private means; that her husband was to hold said lands in trust for her until she was reimbursed for the money so advanced by her, and interest thereon, of all which the plaintiff had notice; that said sum of five hundred dollars, or any part thereof, had never been repaid to her. Wherefore she demanded that a lien against the land claimed by the plaintiff be decreed to her, and that she might have all other proper relief.

Issue was joined on the cross-complaint.

A jury returned a general verdict for the plaintiff.

The defendants severally interposed a motion for a new trial, both assigning the same causes, and also moved in arrest of judgment; but their motions were, each in its order, overruled, and the plaintiff had judgment on the verdict.

Error is assigned upon the overruling of the motion for a new trial.

The plaintiff, to establish its title to the land, relied upon a sheriff's sale made upon a judgment of the Jefferson Circuit Court, in a suit in which the State, on the relation of one Roberts, as guardian, was plaintiff, and the defendant William S. Turner and others were defendants.

Before offering that judgment in evidence, the plaintiff, over the objections of the defendants, introduced and read in

evidence certain papers purporting to be the complaint, answer and reply in the cause in which it was rendered.

It is objected that these papers were not properly identified before they were so introduced and read, and that the record of a cause can not be put in evidence in such a fragmentary form. It is proper for a party offering a judgment in evidence, to first read the pleadings in the cause, to show that the court had jurisdiction to render the judgment. But in a case like this it is unnecessary to put the pleadings in evidence upon which the judgment was rendered.

As between the purchaser at a sheriff's sale and the execution defendant, it is only necessary to show the judgment, the execution, the sale and sheriff's deed. *Shipley* v. *Shook*, 72 Ind. 511; *Mercer* v. *Doe*, 6 Ind. 80; *Frakes* v. *Brown*, 2 Blackf. 295; *Armstrong* v. *Jackson*, 1 Blackf. 210 (12 Am. Dec. 225); Rorer Judicial Sales, sec. 807. Waiving all discussion of the specific objections urged to the reading of the complaint, answer and reply, as above stated, it is evident that the appellants were not injured by the introduction of those papers in evidence.

It was made to appear by the evidence that one Graham was the sheriff who sold the land in suit upon execution, and that one Comely became the purchaser; that Comely borrowed the money of the appellee with which to pay the purchase-money; that one Whitney, an officer of the bank, became the surety of Comely for the repayment of the money so borrowed; that Comely assigned his certificate of purchase to Whitney to indemnify him as such surety; that Comely made default in such repayment; that thereupon Whitney assigned the certificate of purchase to the appellee in payment, or to secure the payment, of the money borrowed by Comely; that afterward the appellee demanded, and received, a sheriff's deed from one Gavitt as the successor of Graham.

The appellants contend that, under all the circumstances disclosed by the evidence, the appellee was prohibited by the national bank act from accepting an assignment of the certifi-

cate of purchase, and from taking a deed to the land in con-
troversy, and that hence the appellee derived no title from
the sheriff's deed.   We do not, however, construe the pro-
hibition against the general power of national banks to ac-
quire real estate as strictly as the doctrine contended for by
the appellants would require us to construe it.   A more lib-
eral construction is given to that prohibition by the Supreme
Court of the United States in the case of *National Bank* v.
*Matthews*, 98 U. S. 621.

Besides, the appellee received a conveyance to the land in
discharge of a debt previously contracted, which is one of the
methods by which·a national bank is expressly authorized to
acquire real estate.   U. S. Rev. Stat., sec. 5137.

The appellants, as a part of their defence, offered to prove
that the certificate of purchase was assigned by Whitney to
the appellee as collateral security merely for the debt owed by
Comely, but the court would not permit the proffered proof
to be made, and that ruling is also complained of by the ap-
pellants.

Proof of an outstanding title in some third person will, or-
dinarily, defeat an action for the recovery of real estate, but
in an action by a purchaser at sheriff's sale against the execu-
tion defendant, the latter is not, as a general rule, permitted
to set up title in a third party as a defence against the pur-
chaser's right to recover.   *Hobson* v. *Doe*, 4 Blackf. 487;
*Sherry* v. *Denn*, 8 Blackf. 542; *Calloway* v. *Doe*, 1 Blackf.
372; 3 Wait's Actions and Defenses, 112, and authorities
there cited.

A. sheriff's certificate is assignable, and the assignee stands
in the place of, and becomes in legal effect, the pur-
chaser at the sheriff's sale.   *Splahn* v. *Gillespie*, 48 Ind. 397.
The appellee was therefore the purchaser at sheriff's sale of
the land of the appellants, within the meaning of the rule laid
down as above.

If, however, the proposed evidence had been admitted, it
could, at most, have only shown that the appellee held the

land described in the sheriff's certificate as the trustee of Comely, and this would not have defeated the appellee's right, as the holder of the legal title under the sheriff's deed, to recover the land thus held by the appellee.

On the trial the appellee, as a part of its evidence in chief, offered the return made by Graham, as sheriff, to the execution on which he sold the land. This return, being objected to, was then withdrawn. Afterwards, the execution, with an amended return, was offered and admitted in evidence, over several objections urged by the appellants.

The bill of exceptions contains the following statement as to the amendment of the return and its admission in evidence as amended:

"And for the purpose of fully and properly presenting the question of the admissibility of said execution and said amended return upon said objections of the defendants thereto, it was agreed and admitted by the parties that the following facts were true and should be considered by the court in determining said questions, viz.: That said writ and original return thereto first offered to be given in evidence by plaintiff was filed in the clerk's office by James Graham, the then sheriff of said county, on the 26th day of April, 1875, and was by the clerk then recorded in execution docket 'G' therein, on page 147. That James Graham's term of office as sheriff expired in August, 1875, and that he has not been sheriff since, or in any other way since connected with the sheriff's office. That said amended return was made by him during the trial of this cause, and since the original return was offered in evidence by the plaintiff; that he so made said amended return at the request of Mr. Korbly, counsel for the plaintiff, by leave of court first obtained; that, at the time he so made it, he was not the sheriff, or acting in any official capacity under the sanction of an oath; other than the oath he took as sheriff, his official oath, and the court taking into consideration all of said matters, so admitted, overruled said objections."

The objections urged to the admission of the amended return are:

1st.   That as the original return had become a matter of record, and as Graham's term of office had expired, the amendment was wholly unauthorized, whether made with or without leave of court.

2d.   That the court, in any event, had no power to authorize an amendment of the original return after it had been entered of record without notice to all persons who might be affected by the proposed amendment.

It may be regarded as well settled in practice in this State, that a sheriff may, by leave of the court, amend his return in a given case, so as to make it conform to the facts as they occurred, after his term of office has expired.  *Dwiggins* v. *Cook,* 71 Ind. 579.

But it is not so well settled as to when, if ever, such leave of court can only be granted upon notice to the parties interested in the subject-matter of the return sought to be amended. Freeman Executions, sec. 358 ; Herman Executions, p. 398.

The question as to whether this is a case in which notice ought to have been given of the application to the court for leave to amend the return is not raised by the record, and is hence not properly before us.

The agreed statement of facts reserved no question as to the manner in which the court granted leave to make the amendment objected to, as nothing is said in that statement as to the circumstances under which the leave was obtained, and as no exception seems to have been reserved to the granting of the leave now complained of.   For aught that appears, full notice of the application for leave may have been given, and we must assume that the court did not transcend its powers in granting the leave.

At the trial, in connection with the testimony of Graham concerning the sale of the land on execution, a receipt from Roberts, the relator in the judgment, to him as sheriff, for a sum of money derived from that sale and other sales on the

same execution, was read in evidence over the objection of the appellants, and of that they still complain.

That receipt appears to us to have been competent as a part of the *res gestæ.* At all events, we are unable to see that the appellants were in any manner injured by its introduction in evidence.

The court, in substance, instructed the jury that the judgment, execution, amended return and sheriff's deed were, taken in connection with some other matters referred to, sufficient to make out a *prima facie* case for the appellee.

The appellants argue that this was, in effect, taking the case away from the jury, and consequently wrong.

It was the duty of the court to give a construction to the record and other written evidence in the cause; and, as no valid objection has been shown to any of them, the instruction gave the judgment, execution, amended return and sheriff's deed the only construction which the court could have properly given them as evidence before the jury.

The appellants also reserved exceptions to the third, fourth, fifth, sixth, seventh, eighth and ninth instructions given by the court at the request of counsel for the appellee, but no specific objection has been pointed out to any one of those instructions.

The court also instructed the jury that the date of a deed is *prima facie* evidence of the date of its delivery, and in that we think the law was correctly stated as applicable to the subject to which the instruction related.

Mrs. Turner's cross-complaint was not well sustained by the evidence. In relation to some of its most material averments, the evidence was quite uncertain and unsatisfactory.

We would not, therefore, be justified in holding that the verdict was not sustained by the evidence.

Such a trust as that set up by Mrs. Turner can not prevail against the face of the deed, unless it be fairly and clearly established by the evidence.

Other questions have been either argued or suggested by the appellants, but what has been said practically disposes of all matters that have been fully presented and argued as reasons for the reversal of the judgment.

Error is also assigned upon the refusal of the court to arrest the judgment, but no argument has been submitted in support of that assignment of error.

The judgment is affirmed, with costs.