No. 10,159.

### WILCOX *v.* MOUDY ET AL.

SHERIFF'S RETURN.—*Amendment.*—*Record.*—*Practice.*—A motion by a sheriff for leave to amend his return to a writ, so that the return may speak the whole truth, is not a civil action; pleadings, issues, a jury trial and change of venue are improper, but the court should grant the leave, on a showing by affidavit or otherwise, whenever the truth and justice require it, and may direct the clerk so to amend the record of the return that it will be as the amended return.

SAME.—A sheriff's return to a writ is made on his official responsibility, and he only can afterwards amend it, but it must be on leave. The court can not compel him to correct it.

From the Hendricks Circuit Court.

*C. C. Nave*, for appellant.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake*, for appellees.

BLACK, C.—The appellee James M. Emmons, sheriff of Hendricks county, on the 15th of March, 1882, filed in the court below a motion showing that, as such sheriff, he, by his deputy named, on the 14th of June, 1879, sold certain real estate to the appellee Alfred Moudy, on a judgment and decree in favor of said Moudy and against the appellant; that said deputy as such made a written return of said sale, and therein, through inadvertence, omitted to state that the fee simple of said real estate was offered in parcels, as by law required; that the real estate was by said deputy so offered; that said Emmons was present at the sale, and he knew that

the real estate was so offered; that he had returned the certified copy of said decree and judgment issued to him; that it had been recorded in an execution docket specified, on a page thereof designated; and that he was still the sheriff of said county. He asked the court to permit him to so amend said return as to show that said real estate was offered in fee simple in parcels at said sale.

The appellant demurred to said motion, and the demurrer was overruled. He filed an answer in denial. He also filed his affidavit and motion for a change of venue from said county, which was refused.

The court at the hearing granted permission to the sheriff to correct his return as requested, and directed the clerk to amend the return as entered on the execution docket, in accordance with the amendment so made by the sheriff.

Appellant excepted to this order, and filed a motion for a new trial, which was overruled.

He has assigned as errors the overruling of his demurrer, the overruling of his motion for a change of venue, the overruling of his motion for a new trial, and the ordering and directing that the appellee Emmons should amend his return so as to show that the real estate was first offered in parcels before the sale thereof to the appellee Moudy.

This was a motion to permit the sheriff to amend his return after it had become matter of record, so that it might speak the whole truth. The parties to the judgment on which the execution issued, in whose names the motion was entitled, appeared. It was not a civil action, and the forming of issues of law and fact, and the trial thereof as in a civil action, were irregular. No such formal proceedings were necessary. No objection thereto was made. The application was a motion addressed to the discretion of the court, to be heard as a motion by the court in which the record to be amended was. The parties were not entitled to a trial by jury or to a change of venue.

It was a proceeding to correct a record, but not an application for an entry *nunc pro tunc*, or an amendment of an

entry, relating to a judicial act which had been omitted from the record or incorrectly recorded through clerical misprision. The return is made by the sheriff, and he is responsible for it. The court can not correct it, as it may the misprision of its clerk; nor can it order the sheriff to correct it. While the writ is in his control he may make or alter it to his own satisfaction. After he has filed his return, though it can only be corrected by him, it is a matter of record and can only be corrected by permission of the court, of whose records it forms a part; and this permission should be granted where the amendment will cause the return to speak the truth, and will be for the furtherance of justice, and has been properly asked.

That the court may exercise a sound discretion, it may be enlightened by any material and competent evidence, including oral evidence.

The evidence on the hearing clearly showed that, within the knowledge of the sheriff, the real estate was offered in fee simple in parcels, and that this fact was not stated in the return; and no reason against the allowance of the amendment was shown. There was no abuse of discretion in permitting the amendment of the return. Freeman Executions, secs. 358, 360, 388; Herman Executions, sec. 248; *New Albany, etc., R. R. Co.* v. *Laiman*, 8 Ind. 212; *New Albany, etc., R. R. Co.* v. *Grooms*, 9 Ind. 243; *Jackson* v. *Ohio, etc., R. R. Co.*, 15 Ind. 192; *Walter* v. *Palmer*, 18 Ind. 279; *Dwiggins* v. *Cook*, 71 Ind. 579; *Turner* v. *First Nat. Bank*, 78 Ind. 19; *Walker* v. *Shelbyville, etc., Co.*, 80 Ind. 452.

No question is made in regard to the portion of the order by which the clerk was directed to correct the entry in the execution docket, to make it conform to the amended return. This was a proper direction. The amended return furnished preceding matter of record by which to amend the entry. *Newhouse* v. *Martin*, 68 Ind. 224.

There is no error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.