# APPELLATE COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1892, IN THE SEVENTY-
SEVENTH YEAR OF THE STATE.

---

No. 489.

## HEATON ET AL. *v.* PETERSON.

JUDGMENT.—*Default.—Action to Set Aside.—Return of Service by Sheriff.—
Amendment of. — When Made.—Effect.—Appearance of Counsel.—Duty of
Client.*—In an action to set aside a judgment by default it is alleged in
the verified motion that the affiant was informed by his co-defendant in
the action in which the default was taken that he had employed counsel
to appear for both of them in said action ; that at the time, and previous
thereto, of taking said default, said attorney was sick and unable to ap-
pear and attend to said case ; that at the time the default was taken, the
court had no jurisdiction of the defendant, affiant here, because there
was no record of return of service on said affiant, which only consisted
of the following endorsement on the summons issued to the sheriff for
affiant: "Came to hand January 7th, 1891; served, as commanded, by
reading to and within the hearing of the within named defendant, John
Heaton, January 8th, 1891." That the affiant has a good and meritori-
ous defense in said cause of action, and that said default would not have
been taken but for his, affiant's, reliance upon the appearance of said at-
torney. The plaintiff, in the cause defaulted, filed a counter affidavit,

Heaton *et al. v.* Peterson.

alleging, among other things, that the said defendant in said cause was duly served with summons, and that return of service was endorsed on said summons as follows: "Came to hand January 7th, 1891. Served, as commanded, by reading to and within the hearing of the within named John Heaton, January 8th, 1891. John S. Miller, Sheriff B. C." (The transcript of the record contains the return of service as above last set out.) That the said attorney employed by defendants to appear in said cause of action had a partner, and that said firm name was entered in appearance for said defendants, and that no excuse is given why the partner of said sick attorney did not attend to said matter.

*Held,* that the showing made to the court was not sufficient to cause the judgment to be set aside, and that the negligence of the attorney is the negligence of the client.

*Held,* also, that the evidence afforded by the transcript can not be wholly disregarded.

*Held,* also, that an amendment by a sheriff to his return speaks from the date of the return amended, and is the act of the officer as of that time, and that, in the absence of a showing to the contrary, it will be presumed that the amendment was lawfully made so that the return should declare the truth.

*Held,* also, that where a firm is entered in appearance for a party, the excusable absence of one of the firm does not answer for the absence of the other.

*Held,* also, that the allegation of a meritorious defense can not avail anything, where a reasonable excuse is not given for suffering the default.

*Held,* also, that a party to a suit is not excusable for not giving some attention to the action.

From the Boone Circuit Court.

*U. J. Hammond* and *E. S. Rogers,* for appellants.

*R. W. Harrison, E. J. Hickson* and *P. H. Dutch,* for appellee.

NEW, J.—The appellee, Alvina C. Peterson, sued the appellants, John Heaton and Charles Peterson, in the Circuit Court upon an injunction bond, executed by Peterson as principal and Heaton as surety. It is shown by the averments in the complaint that in 1890 Peterson brought an action against the appellee to recover the possession of certain personal property, and, upon executing the bond now sued on, obtained a restraining order preventing the

appellee from disposing of the property during the pendency of said cause. It is further alleged in appellee's complaint that it was found and adjudged in said action that she was the owner and entitled to the possession of the property; that she was compelled to employ counsel and was subjected to great inconvenience, expense and loss of .time in said action to procure the dissolution of said restraining order; that the restraining order was wrongful and prevented her from disposing of the property, and that she was damaged thereby in the sum of five hundred dollars. A copy of the bond is filed with the complaint. It is in the usual form, providing that the plaintiff shall pay to the defendant all damages which may accrue to her by reason thereof.

It is shown by the record that both of the appellants were served with summons, by reading: Peterson, by the sheriff of Marion county, on the 8th day of January, 1891, and Heaton by the sheriff of Boone county, on the 7th day of the same month. The process, in each instance, required an appearance in the Circuit Court to answer the complaint of the appellee, on the 20th day of said month, which was the 14th day of the term. Afterwards, on the 16th day of the term, the appellants, on the motion of the appellee, were ruled to answer. On the 28th day of January, 1891, which was the 21st day of the term, the appellants having failed to comply with the rule to answer, were called and defaulted. On the motion of the appellee, the cause was submitted to the court for trial and judgment, without the intervention of a jury. The court, after hearing the evidence, found for the appellee and assessed her damages at the sum of $75. Judgment was given the appellee for that amount. Afterwards, at the same term, Heaton, the surety, filed his verified motion, supported by affidavit, to set aside the default and vacate the judgment. The motion was overruled by the court, and this is assigned as error.

The verified motion of Heaton—the caption, signature and jurat omitted—is in substance as follows:

That judgment was taken against him (Peterson) by default for $75; that as against Heaton the court did not have jurisdiction to render the judgment, inasmuch as there was no proof of any service of the summons or process on him in the files of the court, or in or as a part of the record in this cause, except such proof as the following words and figures afford:

"Came to hand January 7th, 1891; served, as commanded, by reading to and within the hearing of the within named defendant, John Heaton, January 8th, 1891," which words and figures, although on the back of a summons issued by the clerk of said court to the sheriff thereof, commanding him to summon him, the said Heaton, to appear in said court on the 20th day of January, 1891, to answer the complaint of Alvina C. Peterson against said Heaton and Charles Peterson, were not such words and figures as could constitute a return of said summons by said sheriff that would give said court jurisdiction of him, and the judgment thereon rendered against him was void, at least until said words and figures had been or were so amended or corrected by said sheriff as to show and afford proof that it was into his hand, or that of some deputy of his, that said writ had come, and by him, or some deputy of his, been served, and no such correction or amendment was or ever has been made; that said default and judgment were taken against him through his surprise and excusable neglect, in this: that, on the 20th day of January, he was informed by his co-defendant, Peterson, that he had employed Edwin S. G. Rogers, the same attorney who had appeared for Peterson in the replevin action to defend this cause for both of them, and that, as he is informed and believes, said Rogers was unable to attend to legal business by reason of sickness, which confined him at home from the 20th to the 28th

day of January, 1891, and for that reason failed and neg-
lected during that time to give attention to said cause;
that he did not know of such failure on the part of said
Rogers until after the 28th of January, 1891; that he at
all times before said date believed, in good faith, that this
cause was being so conducted as to insure to all parties a
fair trial; that he has a valid and meritorious defense in
this: that it fully and distinctly appears in the plaintiffs'
complaint that the injunction bond upon which she sues
was executed in order to obtain a restraining order upon
her as defendant in an action then pending against her by
Charles Peterson for the possession of certain personal
property, and to prevent her from disposing of the same
until the final hearing of said cause; that he can fully
establish, by proper proof, that the principal purpose of
said action was to adjudicate a question of title between
said Charles Peterson and Alvina C. Peterson in said per-
sonal property, and that the restraining order was but
ancillary to that purpose; that no motion was ever made
or argued for the dissolution of said restraining order.
Said cause was tried upon its merits and decided in favor
of said Alvina C. Peterson, and the restraining order dis-
solved by virtue of the judgment rendered in the main
controversy; that any liability for attorney's fees incurred
by said Alvina C. Peterson was in the main action, and
that no loss or damage whatever accrued to her because
of said restraining order.

In support of the motion, the affidavit of the attorney,
Rogers, was filed. It is as follows in substance: that he
is the attorney mentioned in the motion to set aside the
default, and resides in Indianapolis; that the statements
contained in said motion touching his employment as at-
torney, and sickness, are true; that his sickness during
the time mentioned was the cause of any failure or neg-
lect on his part to give attention to said cause; that he
was disabled by said sickness and in good faith rested in

the belief that the cause was of such a character and so recently instituted that the attorney for the plaintiff would, on account of affiant's non-residence in Boone county, show to him the professional courtesy of taking a rule to answer at such time and on such notification as would permit him to go to Lebanon, or procure some one else to go, in time to discharge such rule; and that, resting in such belief, and without having or receiving any notification of any rule to answer, or any knowledge or suspicion that any rule to answer had been taken, he allowed the matter of his employment to go unattended to, without the knowledge of the defendants or any one else who might or could have given it attention, until the default had been taken and judgment rendered thereon.

A counter affidavit was filed by the appellee, in which she states, among other things, that on the 7th of January, 1891, she filed in the office of the clerk of Boone county her complaint in this cause, and directed that a summons be issued for Charles Peterson to the sheriff of Marion county, Indiana, and for John Heaton to the sheriff of Boone county, Indiana, the latter being made returnable on the 20th of the same month; that said summons was duly and legally served by reading to and within the hearing of said Heaton on the 8th day of January, 1891. Said summons and the return thereon are set out in the affidavit. The return is as follows: "Came to hand January 7th, 1891. Served, as commanded, by reading to and within the hearing of the within named John Heaton, January 8th, 1891. John S. Miller, Sheriff B. C."

It is further stated in this affidavit that afterwards, by the written order and direction of the defendants' attorneys, Hammond and Rogers, by Rogers, of said firm, the clerk of said court entered the appearance of said Hammond and Rogers as attorneys for said defendants; that said Hammond is the partner of said Rogers, and no excuse is shown why said Hammond did not appear and

attend to said cause. The appellee, in her affidavit, further says that she is informed and believes that on the day said default was entered the defendant, Peterson, caused his attorney to prepare an affidavit for a change of venue from Boone county, and on the following day said affidavit was received by the clerk of said court.

Upon the showing made to the court, we can not say it was established that the court had not acquired jurisdiction of the person of Heaton at the time the default and judgment were entered. The service and return of the summons directed to be served on Heaton, as given in the affidavit of the appellee and as copied by the clerk into the transcript of the proceedings in the cause, give no indication of the absence of the sheriff's signature, at the time the defendants were defaulted. The evidence which the transcript affords can not be wholly disregarded. It will be observed, too, that Heaton does not swear that he was not, in fact, served with summons. He makes no attack upon the process, except to assert that the return endorsed thereon was not signed by the sheriff or his deputy when the default was taken. If, at that time, the return was not signed, but was afterwards amended by receiving the signature of the sheriff, the presumption will be indulged, in the absence of a clear showing to the contrary, that the amendment was lawfully made, to the end that the return should declare the truth. An amendment by a sheriff to his return speaks from the date of the return amended, and is the act of the officer as of that date. The return is not the service, but only the evidence of it. Relative to the amendment of returns, see *Jackson* v. *Ohio, etc., R. R. Co.,* 15 Ind. 192; *Evansville, etc., R. R. Co.* v. *Lawrence,* 29 Ind. 622; *Dwiggins* v. *Cook,* 71 Ind. 579; *Turner* v. *First National Bank of Madison,* 78 Ind. 19; *Dunn* v. *Rodgers,* 43 Ill. 260; *Kitchen* v. *Reinsky,* 42 Mo. 427; *State* v. *Gibson,* 29 Iowa, 295.

We do not think that Heaton has shown that he is entitled to relief from the judgment taken against him on the ground of excusable neglect. The negligence of the attorney is the negligence of the client.

If it can be said that Heaton was excusable from the employment of counsel because of what Peterson had said to him about engaging the services of Rogers, it follows that he will be bound by the neglect of the latter.

It is made to appear by the affidavit of the appellee that Rogers had a partner in the practice of law at that time, and the showing made to the court by Heaton gives no reason why Hammond, the partner of Rogers, did not look after the case. It is not fairly inferable from the affidavit of Rogers that he was too sick to communicate with Hammond. So far as we can know from the record, he made no effort to communicate with him or either of the appellants; that he was relying largely on the professional courtesy of the appellee's counsel, he admits. Moreover, we do not think he was excused from giving something of his own personal attention to the case. The mere employment of an attorney, even if it had been by Heaton himself in person, would not relieve him of further responsibility about the case.

He was a resident of Boone county, and if he had been on the alert, giving attention to the preparation of his defense, he could have learned the situation and avoided the default. If he was served with summons on the 8th of January, and he does not deny that he was, he had until the 28th day of that month, the day on which the default was taken, to learn that Rogers and Hammond were not in attendance upon court and were not giving the case attention. *Kreite* v. *Kreite*, 93 Ind. 583.

We need not inquire whether there is merit in the defense suggested by Heaton's motion, for a meritorious defense will avail nothing if a reasonable excuse be not given for suffering the default.

What we have said disposes of the errors assigned, except as to the sufficiency of the complaint, which is not challenged in brief of counsel.

The judgment is affirmed with costs.

BLACK, J., takes no part in this opinion.

