## MARTIN A. HOWELL, JR., et al.

*v.*

## THE ALBANY CITY INSURANCE COMPANY.*

1. PRACTICE—*declaration before second term—dismissal.* Where the plaintiff's summons was made returnable to the November term, 1870, of the Circuit Court, which was, in fact, served within ten days before that term, but no indorsement of service was made until Feb. 7 following, the commencement of the second term after suit brought, and the court dismissed the suit on motion of the defendant because no declaration had been filed ten days before the second term : *Held,* that the dismissal was proper.

2. RETURN OF SHERIFF—*after expiration of office.* A sheriff after the expiration of his term of office may amend or make a return of service of process duly performed by him while in office, when the service is recent.

APPEAL from the Circuit Court of LaSalle County; the Hon. EDWIN S. LELAND, Judge, presiding.

These several suits were brought by appellants in the Circuit Court of LaSalle County. The summons in each of the cases bore *teste* Oct. 1, 1870, and were returnable the first day of the next November term, held on the first Monday in November, 1870, or Nov. 7. Service was had on the 28th and 29th days of October. The remaining facts bearing upon the questions decided appear in the opinion.

* Eleven other cases brought by the same appellants against various companies, are embraced in this opinion.

Messrs. RICE & BICKFORD, for the appellant.

Messrs. DICKEY & BOYLE, for the appellees.

Per CURIAM:   The same question is presented in all the foregoing cases.

Appellants commenced their several suits against the insurance companies, and had summons issued in each case, returnable to the November term, 1870.

The cases were then in court; and though the record is silent as to what was done at the November term, the presumption is, from the subsequent proceedings, that they were continued by operation of law until the ensuing term.

The next term after the term to which the summons was made returnable, was held on the 7th day of February, 1871. No declaration was filed, either at the November term, or ten days before the February term.

Process was duly served upon appellees on the 28th and 29th of October, but the indorsement of service was not made until the 7th of February, at which time the term of the officer who performed the service had expired.

At the February term, a motion was made on behalf of appellees, to dismiss the respective suits; and appellants made a cross-motion to quash the return of service.

Section 11, of the Practice Act, provides : that if the plaintiff shall not file a declaration "ten days before the court at which the summons is made returnable," the court, on motion, shall continue the cause at the cost of the plaintiff; and it further provides: "if no declaration shall be filed ten days before the second term of the court, the defendant shall be entitled to a judgment, as in case of a non suit."

When the above motions were made, no declaration had been filed in either of the cases.

Under the facts, it was the manifest duty of appellants to file their declarations ten days before the February term.   Such is the fair construction and plain requirement of the statute. Their omission to do so, by operation of law, must result in a judgment against them.   They knew the term at which the

summons was made returnable, and should have guarded against the consequences of their negligence.

There was no error, therefore, in the dismissal of the suits.

The court also acted rightly in not quashing the return of the officer. The duty was performed—the service was in fact made—while he was sheriff. The return is merely the evidence of service. The service is the act; the return is the proof of it.

After the expiration of the term, an officer may amend or make a return of service, which had been duly performed while in office, when the service has been so recent as in this case. To this there can be no possible objection. A contrary rule might work serious injury.

The judgment of the court in the several cases is affirmed.

*Judgments affirmed.*