Allread, J.
The above cases involve,substantially, the same questions, and are, therefore, considered together.
The defendants in error each brought an action, in the Court of Common Pleas of Franklin County, against the Railway Company, to recover the value of certain trunks containing merchandise, which were, while en route from Glouster, Ohio, to Williamsport and Columbus, Ohio, on the cars of said company, destroyed by fire, ensuing as the result of a collision. The defendants in error,having each recovered .judgments, it is sought by these proceedings in error to obtain a reversal of the judgments.
It is shown that the traveling salesmen of each of these defendants in error, intending to take passage on the trains of plaintiff in error, at Glouster, delivered, in the one case, three large trunks, such as are usually carried by traveling salesmen, containing ready-made clothing, and in the other case four large sample cases, containing boots and shoes, for shipment, as baggage. The station agent accepted the same, *492 charged and received sixty cents in one case, and $1.00 in the other, for excess baggage amounting to 400 pounds in each case, and issuéd ordinary baggage checks and excess baggage receipts therefor.
There is some contention as to whether the traveling salesmen paid their fare cash on the train or by mileage coupons. This, however, is only important in considering the stipulations of the mileage-ticket limiting the liability of the company.
. It they procured goods to be checked as baggage, and took passage on the train of plaintiff in error, intending to pay cash fare, and did so pay, when demanded by the conductor of the train, they were passengers from the time they boarded the train, and the company is charged with the same responsibility concerning their baggage, as if they had purchased tickets at the station.
It is clear that the merchandise contained in the trunks and sample cases was not the personal baggage of the traveling salesmen, and the company was under no obligations to accept the same as baggage and transport it as part of the passenger’s contract of passage, but was entitled to demand that it be shipped as merchandise. The company, however, in the cases before us, did not refuse to accept the goods, but having accepted them, it becomes important to determine what was the obligation of the company.
If the trunks were presented by the salesmen to the agent of the company, and such agent had no knowledge that they contained other than personal baggage, and there was nothing in the circumstances attending the transaction, or the nature or appearance of the trunks or sample cases, from which it could be reasonably inferred that such trunks contained merchandise or articles, other than personal baggage, then the company, acting through such agent, would, be justified in assuming that the contents of the trunks were personal baggage, and the only obligation it assumed concerning the goods was that of a bailee for hire.
*493 The obligation of a common carrier, as insurer, did not exist. Penna. Co. v. Miller & Co., 85 Ohio St. 548.
If, however, the agent • of the 'company receiving the goods, knew or ought to have, known from the appearance of the trunks or sample cases, or other circumstances, that the trunks and sample cases did not contain personal baggage, but contained merchandise, used by the agent in facilitating his business, and, nevertheless, accepted the same, and undertook to transport it, the obligation of a common carrier was then assumed, and the company was bound to safely carry the goods to their destination, subject only to loss by act of God,public authorities, or loss arising from negligence of shipper or inherent properties of the goods.
The right of the company to ship in that maimer as part of the passenger’s contract, personal baggage only, may be waived, and is waived when the agent of the carrier, with knowledge that it is not personal baggage, accepts the goods and undertakes to make the shipment.
If the railway agent accepting the goods, did not know or have good reason to know that the trunks and sample cases contained other than personal baggage, the company was bound, as we have said, to use the ordinary care of a bailee for hire, and if the goods were lost by the want of such ordinary care on the part of the railway company, it is liable for the loss so occasioned.
There is a well defined distinction between cases involving the loss of property, not personal baggage, by the negligence of the carrier, where such property is retained in the custody of the passenger and those where the property has been delivered into the custody of the carrier. Beach on Railways, sec. 907.
If the passenger retains the custody, the railway company is, in no sense, a bailee, and the conclusion is, that unless the property so in the possession of the passenger is actually personal ba.g,gage, so as to be included within the terms of *494 his contract as a passenger, the company is not liable for its loss. But when the carrier assumes possession of the goods, although not personal baggage, it is bound to exercise ordinary care to protect the property from injury and loss, and for the violation of such duty is liable. Under the former rule falls the case of The First Nat’l Bank v. M. & C. Ry. Co., 20 Ohio St. 259.
The question of the liability of a carrier for negligence, where the contents of a package transported was unknown to it, was involved in the case of The Despatch Line v. Glenny, 41 Ohio St. 166; but the Supreme Court Commission reversed the judgment below, upon another ground, and declined to give any opinion on the subject of the special charges which involved the question of liability for negligence. That case, however, was essentially different from the one under consideration here. There the shipper was required to state the contents of the package shipped, and falsely stated it to be “rough glass” instead of plate glass. A different degree of care and risk was involved. The misrepresentation of the shipper was a fraud, which absolved the carrier from liability as insurer, but how far, if at all, it was relieved from liability for negligence was not decided. It was suggested, however, by Granger, C. J., in the opinion, that “the carrier had a right to know the nature of the goods in order to determine the amount of care required to defeat any charge of negligence.”
There is no claim in the present case that a higher degree of care is required or greater risk involved in the transportation of the goods actually shipped, than if it had been personal baggage; nor can it be claimed that this case falls within the rule asserted, where articles of great value are shipped in small packages, of apparent trifling nature, without notice of their value to the carrier; for here the bulk of the packages fairly suggested to the carrier their value.
It may well be asserted by the carrier, that it should be *495 held to exercise no greater care than such as would be required in respect to the goods it supposed it was carrying, but where it is not disputed, but that, what would be ordinary ■care as to personal baggage, would also be ordinary care as to the merchandise actually carried, the carrier should not be heard to complain if it failed to exercise that care plainly required of it, measured by the duty it actually assumed.
If it had exercised such ordinary care as would be required in the,shipment of personal baggage it would have been redieved from liability. If it did not exercise such ordinary ■care, we know of no rule'exempting it from liability for loss •occasioned as the result of such negligence.
It is claimed that if it was shown that the traveling salesmen took passage and paid their fare by mileage coupons, ■of thousand-mile tickets, containing a stipulation limiting the liability of the company, and which the salesmen had as•sented to, such stipulations prevent recovery beyond the sum named.
We think it is well settled that such stipulations are not valid, to prevent full recovery, where the loss is the result ■of negligence of the carrier. Express Co. v. Bachman, 28 Ohio St. 144. And the burden is on the carrier to prove the want of negligence on its part. Davidson v. Graham, 2 Ohio St. 144; Graham v. Davis, 4 Ohio St. 362, 380.
It is urged that the court below erred in charging the jury in substance that if they found the loss of the goods was the result of the collision, there arises a presumption of negligence on the part of the company.
This charge was important in the event that the jury found that the liability of the company was that of a bailee, or in case the salesmen were traveling upon tickets containing a stipulation limiting liability.
There is no doubt that such a rule as to the burden of proof prevails in cases involving personal injury to a passenger, but in such cases the rule is founded upon the obligation of *496 the company requiring it to exercise the highest degree of care, and the presumption is that such care will prevent collisions.
In cases of bailment only ordinary care is required, and the general rule is that negligence must be proven and not presumed.
Ordinarily, it is the province of the jury to determine the-inference to be drawn from the circumstances, on the question of negligence. Yet it is clear that cases arise where the burden of proof shifts and rests upon the bailee.
We have not been able to find any case involving a bailment where the question of the burden of proof to establish liability for goods lost is the result'of. a collision, was decided; but we think the charge may be properly sustained upon another ground.
It has been sometimes held that where property has been intrusted to a bailee for hire in good condition and returned in bad condition, or not returned at all, the law shifts the burden upon the bailee to show due care on his part. Cummins v. Wood, 14 Ill. 416; Brown v. Waterman, 10 Cush, 117; Bennett v. O Brien, 37 Ill. 250; Funkhouser v. Wagner, 62 Ill. 50,
This rule follows, ex necessitate, from the nature of the case. The bailor can not show the circumstances of the loss except by the bailee or his servants, who are presumed to be adversely interested. The law, therefore, casts the burden of showing due care on the bailee.
An examination of the cases, involving the carriage of goods by public or common carriers, discloses that the doctrine of casting the burden of proof upon the carrier, incases involving nelgigence, arises ex necessitate from the nature of the case and from considerations of public policy. The carrier having possession of the goods can readily show the circumstances attending the loss, while the bailor can only do so by the. testimony of the agents and servants of the carrier.
*497 We are not satisfied that a different rule exists as to the burden of proof to establish the liability of the railroad company in the case before us, as a bailee, from that where its obligation as a common carrier by the stipulation of the bailee is reduced to liability for negligence only.
It is said in Davidson v. Graham, supra, by Bartley, J.:
“The liabilities of a common carrier may be distinguished into two distinct classes, according to their nature. The one, a liability for losses by neglgect on the part of the carrier, or his agents, which is the liability of a bailee, arising from omission of duty. The other, a liability for losses by accident, mistake or other unavoidable occurrence, without any actual fault on the part of the carrier, which is the liability of an insurer, and founded upon a principle of the common law. ’ ’
In that case,and also in the opinion of Ranney,J., in Graham & Co. v. Davis, supra, it is laid down that, by express stipulation, the carrier may be exempted from liability as an insurer j but is held to his liability as bailee, for- negligence. -Considerations of public policy prevent the carrier being exempted from liability for its own negligence, and the burden of proof is upon the carrier to show due care. In those cases the liaiblity of the railway company became that of a bailee only, by reason of an express stipulation consented by the shipper, relieving it from liability as insurer. Here the liability of the carrier is that of bailee by reason of the act of the shipper absolving the carrier from further liability.
The same considerations of public policy arise in the one case as in the other and ex necessitate, cast the burden of proof upon the company to show ordinary care.
The charge, therefore, which assumes to cast the burden upon the carrier, after proof of the collision, is not prejudicial to the company.
The charge of the court below in each of the cases being in harmony with the views here expressed, was not erroneous. Neither do we think the verdict was against the *498 weight of the evidence, or contrary to law. The plaintiffs below sought to support their claims against the railway company upon the theory, first, that the goods were lost through the negligence of the railway company; second, that the station agent knew or ought to have known that the contents of the trunks was other than personal baggage, and the company was liable as a common carrier.
The evidence, we think, fairly supports the verdict upon either proposition. It was contended on the latter proposition that the station agent receiving and checking these trunks had no actual knowledge of their contents. The rule of the company required the station agent, when merchandise was presented to be shipped as baggage,to reject it, and require it to be shipped as merchandise; but the same rules advised the agents that they were not “presumed to know the contents of trunks.”
We think, from the evidence, the station agent actually knew these trunks contained other than personal baggage. Conceding that he was not expressly informed as to the contents of the trunks, yet it would be difficult for us to conclude that such agent supposed that these traveling salesmen carried three large trunks in one instance, or four sample cases in the other, to carry personal baggage. Besides, the station agent receiving the goods, testified that he knew that the trunks and sample cases were such as traveling salesmen ordinarily carried.
An instruction to agents that they are not “presumed to know the contents of trunks, ’ ’ does not avail where the agent actually does know- to a reasonable certainty, and will not relieve such carrier from responsibility for its negligence.
The claim that the plaintiffs in error are not liable for the loss of goods of defendants in error because the contract of carriage was not made with them personally,is not well taken. Bank v. Railway Co., 20 Ohio St. 259-276; 67 N. Y. 208.
A. W. Scott, Barger & Barger and Taylor, Taylor & Taylor, for plaintiff in error,

Powell, JRicheiie & Black, contra.

There being no prejudicial error in the record, the judgments of the court of common pleas will be affirmed.