## Charles W. Wilkins and George B. Wheaton v. William J. English.

1. PRACTICE.—*Time for Filing Declaration.*—The statute providing that if the declaration is not filed ten days before the second term of the court the defendant shall be entitled to a judgment as in case of nonsuit, is construed to mean the next term after that for which the service is in time.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded with directions. Opinion filed October 31, 1895.

RICH & STONE, attorney for appellants.

GEORGE R. ENGLISH, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

October 5, 1894, the appellants sued out of the Circuit Court a summons against the appellee in an action of assumpsit. It was served on the appellee October 10, 1894. The terms of the Circuit Court begin on the third Monday of each month. The third Monday of October was the 15th day of the month; of November, the 19th.

The statute, Sec. 8, Ch. 110, provides that the summons or capias may be served, " at any time before, or on the return day; but if not served ten days before the return day thereof, the defendant shall be entitled to a continuance,

and shall not be compelled to plead before the next succeeding term." And Sec. 18, that "if the plaintiff shall not file his declaration  *  *  *  ten days before the court at which the summons or capias is made returnable, the court, on motion of the defendant, shall continue the cause  *  * * and if no declaration shall be filed ten days before the second term of the court, the defendant shall be entitled to a judgment as in case of a non-suit." This "second term" is doubtless the first one after that to which the summons or capias is made returnable. But what term is that? the one to which, on the face of the summons, it is returnable, or the one at which, if the declaration is filed ten days before it, the defendant should appear if he wishes to defend?

Now, Herring v. Quimby, 31 Ill. 153, holding that if the first process is not served at all, the term to which on its face it is returnable, is not the term which precedes the "second term," has been settled law for thirty years. That case holds that it is the process "upon which the defendant is brought into court" that is meant in the first part of section 18, so that all preceding process—not served—go for nothing.

The process that is served—whatever may be written on its face—is, by operation of law, returnable so far as the defendant is concerned, to that term for which the service is in time. This construction makes the operation of the statute uniform, by giving the plaintiff, in all cases, time until ten days before the next term after that to which the defendant is brought in, within which to file the declaration.

The service in this case was in time, not for the October term, but for the November term; and the appellants were not required to file their declaration until ten days before the December term. They did file it November 24th, which was twenty-three days before.

At the February term, 1895, they took judgment by default, which on motion of the appellee thereafter, the court set aside, and dismissed the suit solely for the assigned reason that the declaration was not filed in time.

In our judgment this is error. The only difficulty we have in the case grows out of Howell v. Albany Insurance Co., 62 Ill. 50. There a dozen cases were considered together, and if the opinion be read literally, the process was twice served—once on the 28th, and again on the 29th of October. But the meaning is doubtless that some were served on the 28th, which was ten days before the next term, and some on the 29th, which was not. But the distinction between the several cases is shown only by the reporter's statement preceding the opinion.

The court may not, so far as the case shows, have observed it. We therefore do not regard that case as authority that if process is served in time only for a term after that to which on the face of the process it is made returnable, the declaration must be filed ten days before the first term for which the service is in time.

The judgment is reversed and the cause remanded, with directions to the Circuit Court to set aside and vacate the order setting aside and vacating the default and judgment and dismissing the suit, thereby leaving the judgment in full force and effect.

The question involved should be determined by the highest tribunal. The facts in Waidner v. Pauly, 141 Ill. 442, did not present it. Reversed and remanded with directions.

MR. JUSTICE SHEPARD.

I concur only because I understand the decision to be in conformity with the construction placed upon the statute by the Supreme Court.