JOHN W. SCRUGGS, Defendant in Error, v. JAMES A. SCRUGGS AND N. B. SCRUGGS, Plaintiffs in Error.

1. *Ejectment — Executions — Sheriff's amendment of return allowed, when.* — The return upon an execution omitted to describe the real estate sold, but the sheriff's deed conveying the land described it minutely. In ejectment brought many years afterward against the original defendants in execution, *held*, that the sheriff not being dependent on his memory, but being furnished by the deed with the means of accurately supplying the defects, might amend his return so as to make it show what lands were sold and who was the purchaser. And this he might do although out of office; but *semble*, that the case would be otherwise where the rights of innocent purchasers might be affected. The suit being instituted long after the date of the return, the court properly refused to permit defendants to examine the sheriff as to his personal recollection of the facts of his return.

There is no limitation of time within which amendments of this class must be made, although after the lapse of years the court should grant applications with great caution; and the granting of them rests in the sound discretion of the court, and not as a matter of right. To be entitled to amend, the party should show the fact of a mistake beyond a reasonable doubt.

*...Error to First District Court.*

This suit was commenced at the August.term, 1868, of the Circuit Court of Cole county, more than twenty years after the original sale and deed. .

*Lay & Belch*, for plaintiffs in error.

I. There is no pretense that the sheriff, when it is claimed that he made his levy, did any act to show what he had done, or attempted to make any sort of a return on the execution. Here the officer had nothing to amend from, and he was permitted by the court blindly, as it were, to make an entry *nunc pro tunc*, without its being made to appear how he knew that he was performing a duty then that he should have performed when sheriff, or what knowledge or recollection he had about it.

II. Amendments of all sorts are particularly discouraged by courts where the rights of third parties would be thereby affected. (3 Pick. 445; 8 Mass. 240; 23 Me. 505; 15 Me. 77; 17 Pick. 197; 14 Pick. 31; 6 N. H. 470; 4 Dana, 214; 13 Mass. 270; 10 N. H. 291; 28 Me. 301; 24 Me. 431; 13 Ohio, 220; 1 Dev., N. C., 304; 7 Greenl., Me., 146; 10 Me. 498; Reach v. Fulton Bank, 3 Wend. 573.)

*Ewing & Smith,* for defendant in error.

The only material question in this case, as we conceive, is as to the amendment of the sheriff's return, and this question is undoubtedly settled by 39 Mo. 500 ; Blaisdell v. Steamer Wm. Pope, 19 Mo. 157; Irvine v. Scobee, 5 Litt. 70; Muldrow v. Bates, 5 Mo. 214; Corby v. Burns, 36 Mo. 194; 7 Bac. Abr. 195. No third person is injured by the amendment.

CURRIER, Judge, delivered the opinion of the court.

This is an ejectment suit; and it is now here for the third time. (See 41 Mo..242; 43 Mo. 142.) It is unnecessary to re-state its general facts. The main contest now gathers about the action of the court below in granting leave to amend the sheriff's return upon an execution.

The plaintiff deduces title from James A. Scruggs, one of the defendants, through a sheriff's deed to the former, executed to him in pursuance of a levy and sale under ·an· execution against the latter.    The return upon the execution shows that money was derived from a sale of real estate, but the return omits to describe the estate sold, although the deed executed in pursuance of the sale describes it minutely.    The sale occurred August 19, 1846. The deed bears date March 16, 1847; and states in its recitals that the sale was duly advertised for twenty days in the Jefferson *Inquirer*, a newspaper published in the county where the land was situated.    The deed was filed for record June 16, 1847.

In the progress of the trial, and against the defendant's objections, the court permitted the sheriff to amend his return; and the return was accordingly amended so as to show what lands were sold and who was the purchaser.    Before the amendment was made, the defendant asked leave to examine the sheriff as to the facts of the levy and his means of knowledge respecting it, but the application was overruled.

The right of a sheriff to amend a defective return, on leave of the court, is beyond question, and it makes no difference that he is out of office.    Such amendments, in appropriate cases, are allowed even on application of the sheriff's administrator.    And there is no specific limitation of time within which this class of amendments must be made; although, after a lapse of years, the court should grant applications with great caution, lest the rights of innocent third parties should be injuriously affected.    Such applications are not granted as a matter of right.    The granting of them rests in the exercise of a sound discretion on the part of the court.    "Amendments of this description," say the court in Johnson v. Day, 17 Pick. 108, "are not regulated by any certain rules; but the court is bound in every case to exercise a sound discretion, and to allow or disallow an amendment, as may best tend to the furtherance of justice.    The forms of the court are always best used when they are made subservient to the justice of the case."    (Blaisdell v. Steamer Wm. Pope, 19 Mo. 157; Webster v. Blount, 39 Mo. 500; Stewart v. Stringer, 4 Mo. 113; Webb v. Joy, 13 Pick. 477; Fowble v. Walker,

18—VOL. XLVI.

45 Ohio, 64; 4 How. 45; Gwynne on Sheriffs, 471; Haven v. Snow, 14 Pick. 28.)

Applying these tests to the action of the court in granting leave to amend, it does not appear that its discretion was improperly exercised. There was a palpable and fatal omission in the return; but the means of correcting the error were readily supplied by reference to the sheriff's deed executed at the time. The facts were all there in enduring form, and the deed had been on record for twenty years. The sheriff was not dependent on his memory for the means of supplying the defects of his return, or for the means of showing with certainty what its defects were. Undoubtedly a party moving for leave to amend should make out and show the mistake beyond any reasonable doubt. (Hovey v. Wait, 17 Pick. 196.) That was done in the case at bar; and the deed furnished the facts to amend by, and to amend with certain accuracy of result.

In Hovey v. Wait, the sheriff was not allowed to amend, for the reason that he had failed to make minutes of the transaction at the time of it, by which his return could be corrected, and some years had then elapsed. There was nothing to amend by. It was a matter of doubt whether the original return was not full and accurate, showing what was in fact done. There is no such doubt here.

But it is urged that the defendant, N. B. Scruggs, a son of the other defendant, was not concerned in the original sale by the sheriff, and that he was prejudiced by the amendment.

In 1863, after the sheriff's deed to the plaintiff's grantor had been on record for some fifteen years, and after both defendants had become fully advised of the whole transaction, James A. Scruggs, the father, made to his son and co-defendant a deed of the land described in the sheriff's deed; at least they both so swear, and that is all the evidence there was on the subject. No such deed appears in the case. Both defendants swear that the deed was without consideration, and the grantor, James A. Scruggs, testified on the stand that the deed was then in his possession, and that his son and co-defendant had refused to have anything to do with it. There was, in fact, no legal evidence of

any conveyance between these parties. Neither of them is in a position to complain of the amendment as injurious to innocent and unsuspecting third parties having title to the property, acquired prior to the amendment, and which the amendment would defeat. They do not pretend that they were misled by the condition of the return prior to its amendment.

It is further objected that the court refused the defendants an opportunity to examine the sheriff as to the facts of his return. Under ordinary circumstances this action of the court would have been unwarrantable. It is not perceived, however, in the present instance, that the refusal operated any injury to the defendants. After the lapse of so many years, the sheriff could not amend his return from a mere personal recollection of the facts, and ought not to have been permitted to do so. He had the facts under his own hand and official signature, fully and minutely set out in the deed, and that was his guide. There is no suggestion that the return, as amended, fails to set out the facts truly. That being so, there is no solid ground for complaint that the defendants were not allowed an opportunity to pry into the extent of the sheriff's personal recollections. I discover nothing in the action of the court in giving and refusing instructions that would justify a reversal of the case on that ground.

The judgment will be affirmed. Judge Wagner concurs; Judge Bliss absent.