## NEWPORT COUNTY.

PETITION OF WILLIAM D. LAKE in *Richmond vs. Howland.*

An officer, after his term of office has expired, will be allowed to amend his return on an execution, and to conform his return to the facts, if no new rights have arisen from the defect or error of the return made.

The amendment relates back to the time of the original return.

Statement of the evidence which satisfied the court that an amendment should be allowed.

THIS was an application of Lake, a deputy sheriff of the county of Newport, addressed to the Court of Common Pleas, for permission to amend his return on an execution. The application was heard by the Court of Common Pleas, Durfee, C. J., and Matteson, J., and the following opinion given thereon : —

*Providence, February* 20, 1886. DURFEE, C. J. This is a motion for leave to amend a return on an execution. The execution issued on a judgment recovered by Preston B. Richmond, tax collector, against Edward W. Howland, in the Court of Common Pleas, in Newport, in May, 1881. It was served by the petitioner as deputy sheriff by levy upon all the right, title, and interest of said Howland in two parcels of land in Little Compton. A sale under the execution took place pursuant to notice, February 13, 1882. One of the parcels advertised to be sold first was sold for $100, " which sum," the return states, ". not being sufficient to pay and satisfy this execution, I then and there sold 17 acres and $\frac{2775}{10000}$ of an acre of the second named and described lot of land, at twenty dollars an acre, being for the sum of $345.55, to Charles W. Howland, of said town of Little Compton, who was the highest bidder, for the further and full satisfaction of this execution." The second lot contained about forty acres. The deed given purported to convey the 17 $\frac{2775}{10000}$ acres on the north side of the lot. The motion states that the petitioner sold the 17 $\frac{2775}{10000}$ acres from off and along the northerly side of the lot, and prays leave to

amend the return so that the same shall correspond with the fact by inserting therein, next after the words " not being sufficient to satisfy this execution," the words following, to wit : " I then and there proceeded to sell, and did sell, from off and along the northerly side of the said secondly described parcel of land," so that the return will accord with the conveyance. The motion is verified by the petitioner's affidavit.

Several objections are urged to the motion. The first is, that the petitioner no longer holds the office which he held when the levy and sale were made, being then deputy sheriff under one, Henry Crandall, whereas he is now deputy under the successor of said Crandall. The question is, whether a sheriff or his deputy can be permitted to amend a return after the expiration of his office. Courts are in the habit of allowing their officers to amend their returns almost as a matter of course, for the purpose of sustaining proceedings before them, upon being satisfied that the amendment is according to the fact, unless new rights have arisen founded on the error or defect ; for the amendment does not change the fact, but only supports it by new evidence. The amendment duly made operates by relation from the time of the original return. The law, to this extent, is too familiar to require any citation of authority. We think it is also perfectly well settled that an officer may be permitted to amend after his term of office has. expired. *Adams* v. *Robinson*, 1 Pick. 461; *Blaisdell* v. *Steamboat Wm. Pope*, 19 Mo. 157, 159 ; *Morris* v. *Trustees of Schools*, 15 Ill. 266 ; *Howell* v. *Albany City Insurance Company*, 62 Ill. 50 ; *Dwiggins et al.* v. *Cook et als.* 71 Ind. 579 ; *Gay* v. *Caldwell*, Hardin, Ky. 63 ; *Scruggs* v. *Scruggs*, 46 Mo. 271. In the two latter cases the amendment was allowed after the lapse of several years. In *Avery* v. *Bowman*, 39 N. H. 393, a sheriff was allowed to amend the return of a deceased deputy after his term of office had expired. The first objection cannot be allowed.

The second objection is, that the officer does not show a case which entitles him to amend. We think it is very clear from the officer's deposition that he has no distinct recollection that the part of the lot to be sold was designated for sale before the auction began. He seems to have faith that the north part was offered, but no recollection. If the motion rested wholly on his testimony

it could not be granted. But in support of the motion we have, in the first place, the sheriff's deed. In *Scruggs* v. *Scruggs*, *supra*, an amendment was allowed after the lapse of twenty years, solely by reason of the sheriff's deed. Moreover, we have the testimony of Charles Howland, the purchaser, who testifies here, as he has testified in a former case, that the north part of the lot was put up. His memory, however, seems to be somewhat impaired by age, and is not very vivid. We have also the testimony of William B. Richmond. This witness attended the sale for the purpose of becoming a purchaser, and he testifies that it was because it was announced, when the sale was about to begin, that the land sold was to be a strip taken from along the north side, that he refrained from bidding. The announcement was a disappointment to him, and he had, therefore, very good reason to remember it. We think his testimony is entirely trustworthy. We have against it only the testimony of the auctioneer, a person employed to cry the bids. He testifies that he did not hear the announcement, but admits that a statement was made by Mr. Sheffield, who was present as counsel, which he did not hear, and to which the officer assented. He does not know what the statement was. The sale was in a small room, with only a few present, and the auctioneer, having no responsibility, had no reason to give attention until he was called upon to render his services. We do not think his non-recollection is entitled to any weight as against the positive recollection of a witness who had so much reason to recollect as William B. Richmond.

The third objection is, that a sale of a strip along the entire length of the lot was inequitable, and therefore an amendment to support it should not be allowed. We think, however, that such an objection is more properly triable in a suit to set the sale aside, if there be ground for such a suit, when all parties can be heard and the equities between them duly adjusted.[1] *Wilcox* v. *Emerson*, 11 R. I. 501.

The amendment proposed is not detrimental to the right of any third person, and cannot be refused on that account.

*Amendment allowed.*

*William P. Sheffield*, for petitioner.

---

[1] See *Howland* v. *Pettey*, *ante*, p. 603.