JUDSON BRIGGS *vs.* SAMUEL N. HODGDON and another.

Piscataquis.    Opinion December 24, 1886.

*Money had and received.    Attachment.    Amendment.    Attorney at law. Estoppel.    Practice.*

An attachment upon a writ containing a count for money had and received, without a specification of claim, creates no lien upon real estate. When the truth of a return of a levy upon execution is not denied, the same may be amended by the officer, who made it, by signing the same; but ordinarily, by saving the rights of innocent purchasers.

When an attorney at law is employed, to sue a debt, attach real estate, procure a judgment, and levy the same upon the land attached, he is forever estopped from denying the validity of his own work, to his own profit or advantage. When the attachment and levy that he was called upon to make are defective, and he purchases the land levied upon, the title that he takes, at once enures to the judgment creditor, and he is estopped to deny the judgment creditor's title to the land.

A record that discloses the relation of attorney and client, touching a levy upon real estate, is notice to subsequent purchasers from the attorney, that he cannot dispute the validity of the levy, and take an after-acquired title to the land levied upon, in his own right.

ON REPORT.

The opinion states the case.

*Ephraim Flint* for the plaintiff, cited, upon the question of amendment:

*Howard* v. *Turner*, 6 Maine, 106; *Glidden* v. *Philbrick*,
56 Maine, 222; *Gilman* v. *Stetson*, 16 Maine, 124; *Spear* v.
*Sturdivant*, 14 Maine, 268; *Com.* v. *Parker*, 2 Pick. 550;
*Adams* v. *Robinson*, 1 Pick. 461; *Childs* v. *Barrows*, 9 Met.
413; *Sharp* v. *Kennedy*, 50 Ga. 208; *Rutherford* v.
*Crawford*, 53 Ga. 138; *Wilton Mif'g Co.* v. *Butler*, 34 Maine,
431; *Fairfield* v. *Paine*, 23 Maine, 508; *Cleavinger* v. *Reimar*, 3
Watts & S. 486; *Huckinbury* v. *Carlisle*, 5 Watts & S. 348;
*Galbraith* v. *Elder*, 8 Watts, 81; *Henry* v. *Raimar*, 25 Pa.
St. 354; *Whittier* v. *Varney*, 10 N. H. 291; *Knight* v.
*Taylor*, 67 Maine, 594; *Thatcher* v. *Miller*, 13 Mass. 270.

Upon the question of disseizin by plaintiff:

*Props. Kennebec Purchase* v. *Springer*, 4 Mass. 410; *Props.
Kennebec Pur.* v. *Laboree*, 2 Maine, 275; *Robison* v. *Swett*, 3
Maine, 316; *Gore* v. *Brazier*, 3 Mass, 523; *Bartlett* v.
*Perkins*, 13 Maine, 87; *Bryant* v. *Tucker*, 19 Maine, 383;
*Nickerson* v. *Whittier*, 20 Maine, 223; *Nason* v. *Grant*, 21 Maine,
160; *Allen* v. *Thayer*, 17 Mass. 299; *Bigelow* v. *Jones*, 10
Pick. 164; *Allen* v. *Taft*, 6 Gray, 552; *Boothby* v.
*Hathaway*, 20 Maine, 251; *Hurd* v. *Cushing*, 7 Pick. 169;
*Woodman* v. *Bodfish*, 25 Maine, 317; *Clark* v. *Pratt*, 55
Maine, 546.

Upon the question of effect of deed to plaintiff's attorney:
*Cleavinger* v. *Reimar*, 3 Watts & S. 486; *Hackenbury* v.
*Carlise*, 5 Watts & S. 348; *Galbraith* v. *Elder*, 8 Watts, 81;
*Parker* v. *Carter*, 4 Mundf. 273; *Hister* v. *Davis*, 3 Yeates. 1;
*Holt* v. *Holt*, 1 Ch. 191; *Whalley* v. *Whalley*, 1 Vern. 484;
Saund. Uses, 240; *VanHorne* v. *Fonda*, 5 Johns. Ch. 407;
*Henry* v. *Raiman*, 25 Pa. St. 354.

Upon the question of notice to subsequent purchasers: *Bates*
v. *Norcross*, 14 Pick. 224; 2 Wash. R. P. 480; *Fairbanks* v.
*Williamson*, 7 Maine, 100; *Pike* v. *Galvin*, 29 Maine, 183;
*Somes* v. *Skinner*, 3 Pick. 52; *White* v. *Patten*, 24 Pick. 326.

*Peregrine White* for defendants.

The writ contained three counts: two upon promissory notes,
and one, a general money count, without any specification of the
claim to be proven under it. This was fatal to the attachment.

R. S., chap. 344, 1838. *Phillips* v. *Pearson*, 55 Maine, 570; *Shaw* v. *Nickerson*, 60 Maine, 249; *Saco* v. *Hopkinton* 29 Maine, 268; *Drew* v. *Alfred Bank*, 55 Maine, 451.

In this last case, DANFORTH, J., says: "It is well settled that an attachment on such writ is void."

Benjamin Soule, therefore, had a perfect legal right to convey to the Heaths, and the title accordingly was, at the time of the levy, in the Heaths. *Saco* v. *Hopkinton*, *supra*; *Lumbert* v. *Hill*, 41 Maine, 483; *Rollins* v: *Mooers*, 25 Maine, 199; *Egery* v. *Johnson*, 70 Maine, 261.

If the attachment was void, the Heaths and Jerome Abbee had a prior and valid title to lot 56, at the time of the supposed levy, and the plaintiff had neither title nor possession of said lot 56, at the time of the alleged trespass. *Grant* v. *Ward*, 64 Maine, 240; *Johnson* v. *Leonards*, 68 Maine, 239.

Undoubtedly, the levy, had it been regular, would have operated as a disseizin of Soule, the judgment debtor's title, whatever it might have been; but it could in no possible way have operated to disseize the title of the Heaths and of Jerome Abbee; at all events, not without an actual entry for the purpose. *Bott* v. *Bernell*, 9 Mass. 96; *Gore* v. *Brazier*, 3 Mass. 539; *Larcom* v. *Cheever*, 16 Pick. 262; 11 Mass. 163.

The plaintiff certainly gained no title by the levy, and none by disseizin. *Nichols* v. *Todd*, 2 Gray, 568; *Slater et al.* v. *Jepherson*, 6 Cush. 131-2.

The Heath title was not impeached at the trial. In *Grant* v. *Ward*, 64 Maine, 240, Mr. Justice WALTON:—"Fraud is never presumed. In the absence of proof to the contrary, the presumption is that it does not exist." A little further on he says: "If effect be given to this deed, it of course defeats the plaintiff's title. No evidence is offered to impeach it, and no reason is assigned why it should not be held to be a valid deed. It may have been made to defraud creditors; but there is no evidence of any such fraudulent purpose." *Johnson* v. *Leonards*, *supra*. *Glidden* v. *Philbrick*, 56 Maine, 226.

The case of *Lowell* v. *Daniels*, 2 Gray, 161, is directly in point. Suppose the return of the levy had been signed by the

officer who made it, and had been duly recorded, and suppose the attachment in March, 1855, was a valid attachment, instead of being void; then the plaintiff would have had title at the time of the alleged trespass to two-thirds of lot 56; but the defendants would also have had title, at the time of the alleged trespass, to the Jerome Abbee one-third part of said lot 56. Therefore this action of trespass *quare clausum* cannot be sustained.    1 Chitty Pl. 180 ;   1 Wash. R. P. 568 ; *Kenniston* v. *Leighton*, 43 N. H., 312 ;   *Ordione* v. *Lyford* 9 N. H. 513 ; 33 Verm. 192.

This last case is thoroughly considered and able, and *Silloway* v. *Brown*, 12 Allen, 37, is a case wherein the facts distinguish it from the Vermont and New Hampshire cases.    But see *Hastings* v. *Hastings*, 110 Mass. 285, a case directly in point and fully sustaining this position ; also 4 Kent, 407, 11 ed. ; 4 Pick. 127 ;  2 *Ibid.* 444;  1 Addison, Torts, 423—notes.

HASKELL, J.    Trespass *q. c.* for cutting timber upon lot 56, in Williamsburg, Piscataquis county, and carrying the same away.    Some cutting and asportation are admitted.    The case comes up on report, with an agreement that the title to the locus shall be determined.

The evidence fails to prove that the plaintiff has acquired title to the locus by disseizin ; and his supposed title must be upheld, if at all, by virtue of an attachment and levy upon the locus, as the property of one Soule, who, at the date of the attachment in 1855, was the owner of two-thirds thereof, and at the date of the levy, had conveyed that interest to the defendant's predecessor in title.

The record produced shows that the judgment, supposed to have been satisfied by the levy, was rendered upon a declaration containing three counts, two upon promissory notes, and the third, for $200 before the date of the writ "had and received by the defendant, to the plaintiff's use," without more particular allegation, or specification ; the judgment was on default, and for the amount due upon the two notes declared upon.

No attachment of real estate creates any lien thereon, unless

the nature and amount of the plaintiff's demand are set forth in proper counts, or a specification thereof is annexed to the writ. R. S., c. 81, § 59. This statute enacted in 1838, c. 344, was in force when the supposed attachment was made.

The first two counts shown by the record are without fault; but the third count, for "money had and received," does not allege when the money was received, other than prior to the date of the plaintiff's writ; nor does it state from whom the money was received; nor on what account.

A count for money "had and received" may be drawn with sufficient precision, so as to be a specification in itself; but, when drawn without any particularity of circumstance, and not accompanied by a specification of claim, it is not sufficient to support an attachment of real estate. *Drew* v. *Alfred Bank,* 55 Maine, 451; *Phillips* v. *Pearson,* 55 Maine, 570; *Shaw* v. *Nickerson,* 60 Maine, 249; *Bank* v. *Lumber Co.* 73 Maine, 404; *Bartlett* v. *Ware,* 74 Maine, 292.

The levy upon the locus was made after the judgment debtor had conveyed his two-thirds interest therein to a stranger, through whom, the defendants claim title. By mistake, the officer making the extent did not sign his return, and asked the court below for leave to amend his return by signing it. It is agreed that the court may determine whether the amendment shall be made, and if allowed, it is to be considered as made. The truth of the return is not questioned, and no good reason is shown, why the amendment should not be allowed. The authorities permit it. *Fairfield* v. *Paine,* 23 Maine, 498; *Wilton Mfg. Co.* v. *Butler,* 34 Maine, 431; *Glidden* v. *Philbrick,* 56 Maine, 222; *Howard* v. *Turner,* 6 Maine, 106; *Gilman* v. *Stetson,* 16 Maine, 124; *Wilson* v. *Bucknam,* 71 Maine, 545; *Childs* v. *Barrows,* 9 Met. 413; *Pratt* v. *Wheeler,* 6 Gray, 520; *Peaks* v. *Gifford,* 78 Maine, 362.

Such amendment ought not to be allowed to the prejudice of innocent purchasers, and ordinarily, should only be allowed by saving the rights of such persons. *Glidden* v. *Philbrick, supra;* but in this case, such reservation is not called for, inasmuch as all interests in the locus adverse to the plaintiff have been

conveyed to Mr. C. A. Everett, a counsellor and attorney of this court, who was the attorney for the judgment creditor in making the writ, directing the attachment, procuring the judgment, making the extent, and in receiving seizin and possession of the locus for the judgment creditor, and in his name and stead.

The office of attorney and counsellor is full of responsibility and honor. The law holds out these officers to be competent, honest, and faithful to those seeking their counsel and assistance. The communications of the client must remain with the faithful attorney a secret forever; he can neither voluntarily disclose them, nor can he be compelled to do so by process of law. The law requires from these officers the most implicit fidelity and complete good faith in all their professional "walk and conversation." From them, judges of the court of last resort are to be selected, "persons learned in the law and of sobriety of manners." Their oath requires the strictest professional demeanor, absolute honesty, fidelity and good faith, both to the courts and to their clients.

Mr. Everett is a counsellor of this court of many years standing. More than thirty years ago, he was employed as an attorney at law by the judgment creditor to complete a statute conveyance of the locus to him. This, the attorney attempted to do, and forever must be cut off from denying, for his own pecuniary advantage, the validity of his work. He extended the execution upon the whole of lot 56, the locus. After the lapse of more than twenty years, by the outlay of less than twelve dollars, he procured releases to himself from sundry persons holding the record title to the locus. These conveyances, in contemplation of law, he took for the benefit of his client, the judgment creditor; and the title, so procured, enures to the latter, and this the attorney is estopped to deny. It may be, that in equity, the title so procured stands charged with the expense of gaining it; but it could never be invoked by the attorney to destroy the title of his client, the judgment creditor. That, he is bound to ratify and uphold; he cannot gainsay, or dispute it. The levy was intended to operate as satisfaction of

the judgment, and for that purpose, the attorney caused it to be made. In that capacity, he became invested for his client of seizin and possession of the locus. That seizin is sufficient to give the judgment creditor an action of trespass against one, who is estopped to deny it. *Reed* v. *Stanley*, 6 Watts & S. 376; *Galbraith* v. *Elder*, 8 Watts, 81; *Henry* v. *Raiman*, 25 Pa. St. 354, (S. C.) 64 Am. Dec. 703; *Smith* v. *Brotherline*, 62 Pa. St. 469.

Nor can the grantees of Mr. Everett invoke a purged title. The registry of deeds disclosed the levy, showing the receipt for seizin and possession of the locus signed by Mr. Everett as attorney for the judgment creditor; and the record of the judgment recites, that he appeared as attorney for the judgment creditor. These facts, shown by record, were notice to the defendants of the estoppel that attached to their grantor, in the absence even, of the other facts shown in evidence, tending to prove it. The purchase by Everett enured to the judgment creditor, precisely as though Everett had previously given him a deed of warranty of the premises, and the fiduciary relation, shown by the record, had the same force and effect as the record of such deed of warranty would have, that is, notice that works an estoppel upon the subsequent grantees of such grantor. *Pike* v. *Galvin*, 29 Maine, 183; *Crocker* v. *Pierce*, 31 Maine, 177.

> *Amendment of levy allowed. Defendant defaulted. Damages to be assessed below.*

PETERS, C. J., WALTON, DANFORTH, EMERY and FOSTER, JJ., concurred.