[Sac. No. 1825. In Bank.—July 31, 1911.]

## T. E. MORRISSEY et al., Appellants, v. JOHN C. GRAY et al., Respondents.

DISQUALIFICATION OF JUDGE — FORECLOSURE OF MORTGAGE DRAWN BY JUDGE WHILE ATTORNEY.—A decree foreclosing a mortgage is not invalidated for the mere reason that the trial judge who presided in the foreclosure action, while a practicing attorney, drew the mortgage.

ID.—ATTORNEY APPLYING FOR LETTERS OF ADMINISTRATION — FORE-CLOSURE OF MORTGAGE AGAINST ESTATE.—A judge of the superior court, who prior to becoming such acted as an attorney in the proceeding to secure letters of administration on the estate of a deceased person, is not disqualified, under subdivision 3 of section 170 of the Code of Civil Procedure, from trying an action to foreclose a mortgage against the estate.

SERVICE OF SUMMONS—JURISDICTION—AMENDMENT OF RETURN.—It is the fact of proper service and not the proof of the fact which gives a court jurisdiction. Therefore, when the facts conferring jurisdiction exist, but the record of them by way of return is defective, great liberality is allowed in permitting amended returns to be filed. As such amendments affect the record, they may not be made as matter of course, but under permission of the court in the exercise of a sound discretion. They are permitted in support of the judgment actually given, and are not permitted when their effect would be to avoid a judgment, or render it erroneous, or subject it to reversal. The power of the court to order such amendments is not affected by mere lapse of time, or by the fact that the officer making the return is, at the time of the proposed amendment, out of office.

ID.—QUIETING TITLE—TITLE DERAIGNED THROUGH FORECLOSURE JUDG-MENT—EVIDENCE OF SERVICE OF SUMMONS—AMENDMENT OF RETURN. —In an action to quiet title, in which the defendants deraign their title to the land through a default judgment rendered in a prior action foreclosing a mortgage thereon brought against the adminis-tratrix of the estate of the deceased mortgagor, evidence is admis-sible to establish the fact that service of summons was actually had in the foreclosure action on the administratrix, and the court has power to permit the filing therein of an amended return of service to conform with that fact.

ID.—JUDGE BECOMING OWNER OF LAND UNDER FORECLOSURE—DISQUALI-FICATION TO ORDER AMENDED RETURN.—A judge of the superior court, who is the owner of land to which the title is deraigned through a default judgment rendered in an action foreclosing a mortgage, is disqualified by reason of his interest from making an

order directing the filing of an amended return of summons in that action so as to make it conform to the existing facts. Such an order is void.

APPEAL from a judgment of the Superior Court of Butte County and from an order refusing a new trial. E. P. McDaniel, Judge.

The facts are stated in the opinion of the court.

W. H. Morrissey, for Appellants.

Carleton Gray, W. H. Carlin, and A. E. Boynton, for Respondents.

HENSHAW, J.—The action is to quiet title. The appeal is from the judgment and the order denying plaintiffs' motion for a new trial. In July, 1887, Timothy Morrissey died intestate. He left surviving him Johanna Morrissey, his widow, and eight minor children. His estate consisted of a ranch of three hundred acres, which was community property, encumbered by a mortgage to one Moses Wick. The widow was appointed administratrix of the estate, her petition for appointment being signed by Gray & Sexton, attorneys at law, the firm consisting of Warren Sexton and John C. Gray, defendant and respondent herein. In March, 1888, upon petition, a parcel of the ranch, consisting of about fifty acres, was, by the court, set apart to the widow and minor children as a homestead. In January, 1891, defendant John C. Gray became judge of the superior court of Butte County, and, saving for an interval of a few months, which interval has no bearing upon the matters here involved, has continued in that judgeship ever since. Warren Sexton acted as attorney for the administratrix. Efforts were made from time to time, but without result, to sell the encumbered ranch, and finally, in April, 1892, when the mortgage promissory note was about to expire by limitation, action of foreclosure was brought against the widow, all the children and the administratrix of Timothy Morrissey's estate. Admittedly, none of the children was served in this action. Johanna Morrissey, the widow, was served, whether in her individual or representative capacity is a question for future consideration. Suffice it here to say

that she made default, that her default *as administratrix* was entered, and in due course a decree of foreclosure was made and given. The decree recited the service upon "Johanna Morrissey, administratrix of the estate of Timothy Morrissey, deceased," the entering of her default for non-appearance, and the decree found the amount due under the terms of the note and mortgage and that the estate of Timothy Morrissey was liable for the whole thereof. It then proceeded in regular form to foreclose against Johanna Morrissey, administratrix, and the estate of Timothy Morrissey, deceased. Defendant John C. Gray was judge in the foreclosure proceeding and signed the decree. The land was sold under order of sale and the plaintiff in the foreclosure action, Charles F. Wick, became the purchaser and received his certificate of sale in 1893. No redemption was attempted. The sheriff, in February, 1894, executed his deed to the purchaser. On the day when Wick so received the sheriff's deed, he, in turn, executed his deed transferring all the land to the defendant John C. Gray, and here, for the first time, defendant John C. Gray, appears as having any interest in the land. Judge Gray immediately made his conveyance to Johanna Morrissey of the fifty acres of the ranch covered by the homestead, and remained in possession of the other lands until subsequently when he sold eighty acres thereof, which eighty acres, by mesne conveyance, have passed to the ownership of defendant W. P. Hammon. After defendant Gray conveyed the homestead premises to Johanna Morrissey she sold a portion thereof to the defendants Blackwood and Higgins. Their rights thereto were tried in this action, together with the rights of defendant Gray. The rights of defendant Hammon were separately tried, and are the subject of a separate appeal.

The probate homestead having been set apart to the widow and eight minor children, each child's interest was an undivided one sixteenth thereof. Those interests, of course, could not be foreclosed without service upon the minors, and, admittedly, no such service was had. The rights of the elder children seem to have been forfeited by their laches after attaining majority. The plaintiffs are the three youngest children who, having attained majority, prosecute this action to quiet their title to all of the ranch, including the homestead fifty acres. The homestead rights of the minors not having

been concluded by the foreclosure and sale, the sheriff's deed
to Wick did not affect or impair those rights, and Wick's deed,
in turn, to Gray did not and could not include those rights.
Gray's deed to Johanna Morrissey, for the same reason, was
abortive as to those rights, and so also was Johanna Morris-
sey's deed to defendants Blackwood and Higgins. In recogni-
tion of this, as to the defendants Blackwood and Higgins, the
court decreed to plaintiffs each a one sixteenth interest in the
land claimed by them. The soundness of this decree was
recognized, defendants Blackwood and Higgins compounded
and settled their differences with the plaintiffs, and do not
appear on this appeal.

This appeal is directed against the court's decree confirming
title to the lands claimed by defendant Gray, which lands, it
is to be borne in mind, do not include, and form no part of, the
homestead.

It is contended that the decree in foreclosure, through which
the defendant Gray deraigns title, is void because the Wick
mortgage was drawn by defendant Gray, and because de-
fendant Gray, as attorney, signed the widow's petition for let-
ters of administration and afterward sat as trial judge in the
foreclosure action. The fact that the defendant Gray, as an
attorney at law and before his elevation to the bench, drew the
mortgage contract which was subsequently brought to suit
before him, is without significance. His only connection with
the estate of Timothy Morrissey as an attorney at law was in
procuring for the widow letters of administration. In no
other matter does he appear to have acted. The Code of Civil
Procedure (subd. 3, sec. 170) prescribes the disqualification
of a judicial officer to act "in the action or proceeding, or in
any previous action or proceeding involving any of the same
issues, when he has been attorney or counsel for either party."
The only action or proceeding in which defendant Gray partic-
ipated in the matter of the estate was the proceeding to secure
letters of administration for the widow. It cannot be success-
fully argued that there is any legal or ethical relationship
between this proceeding and the proceeding to foreclose a
mortgage subsequently brought against the estate. Not only
was there no kinship between the proceedings, but the issues
in the two matters were equally separate and distinct.

Appellants make a further contention that the foreclosure

judgment is void, which contention grows out of the following facts: The original return of service of summons in the fore-closure action was as follows:—

"SHERIFF'S OFFICE, OROVILLE, COUNTY OF BUTTE, ss.

"I hereby certify that I received the within summons on the 17th day of April, A. D. 1893, and personally served the same on the 19th day of April, A. D. 1893, by delivery to Johanna Morrissey a copy of said summons, attached to a copy of the complaint, personally in the county of Butte; and that upon orders from plaintiff's attorney, none of the other defendants were served.

"Dated this 19th day of April, 1893.

"R. A. ANDERSON, Sheriff,

"By T. A. ATCHISON, Deputy.

"Filed, April 19th, 1893.

"C. L. STILSON, Clerk."

This return, of course, afforded no evidence of a service upon Johanna Morrissey as administratrix of the estate. But it is to be remembered, as above stated, that the complaint appropriately charged the estate and her as administratrix thereof, the summons was directed to her as administratrix of the estate, and the decree in terms foreclosed through her as administratrix of the estate the interest of the estate of Timothy Morrissey in the land. This condition of the record having been discovered apparently in June, 1895, the following proceedings were had: T. A. Atchison, the deputy sheriff who made service, testified that his return was defective, and did not state the facts of service. Thereupon the judge ordered that the return of service of summons be corrected to show the truth, and that the return be filed *nunc pro tunc* as of April 19, 1893. This order was made by defendant Gray as judge of the superior court. Thereupon the sheriff filed the following:—

"Return of Service of Summons.

"SHERIFF'S OFFICE, OROVILLE, COUNTY OF BUTTE, ss.

"Under and by virtue of an order of the superior court aforesaid, duly made on motion of Warren Sexton, attorney for plaintiff, made and entered the 22nd day of June, 1895, I hereby make the following corrected return of service of summons in said action, to wit:

"I hereby certify that I received the within annexed sum-

mons on the 17th day of April, 1893, and personally served the same upon Johanna Morrissey, as administratrix of the estate of Timothy Morrissey, deceased, one of the within named defendants, by delivering to and leaving with the said defendant, personally, in Butte County, state of California, the 19th day of April, 1893, a copy of said summons attached to a copy of the complaint in said action, and that under order of the plaintiffs' attorney, none of the other within named defendants were served with summons or complaint.

"Dated at Oroville, Cal., June 22, 1895.

"(Signed) R. A. ANDERSON, Sheriff,

"By T. A. ATCHISON, Deputy."

This order was made and this amended return filed when defendant Gray claimed ownership of the lands under the foreclosure decree. Upon the trial of this cause the court ruled that Judge Gray was disqualified from making the order in question, by reason of his interest, and that the order permitting the filing of the amended return was, therefore, void. But the court itself took the testimony of the deputy sheriff Atchison, and upon that testimony permitted the filing of the amended return, and decreed its sufficiency to show jurisdiction obtained over the administratrix. Appellants' contention is that this ruling and this determination were erroneous, that the return was complete in itself and not susceptible of amendment, either before Judge Gray or before the trial court in this action. The argument herein is that a court will not, after a judgment has become final, allow an amendment to a return which will vary, impair, or destroy the judgment actually given; that by the return it is shown that jurisdiction was acquired over Johanna Morrissey only as an individual, and not in her representative capacity as administratrix, and that the only judgment which the court could and did render was a judgment foreclosing such rights in the property as Johanna Morrissey possessed in her personal and not in her representative capacity.

It is the fact of proper service and not the proof of the fact which gives to a court jurisdiction. (*In re Newman,* 75 Cal. 213, [7 Am. St. Rep. 146, 16 Pac. 887].) Therefore, when the facts conferring jurisdiction exist, but the record of them by way of return is defective, great liberality is allowed by the courts in permitting amended returns to be filed. But as

these amendments affect the record, they may not be made as matter of course, but under permission of the court in the exercise of its sound discretion. (*Scruggs* v. *Scruggs,* 46 Mo. 271.) Such amendments, however, are not permitted when their effect would be to avoid a judgment, to render it erroneous, or subject it to reversal. (*Chicago Planing Mill Co.* v. *Merchants' Nat. Bank,* 97 Ill. 294; *White River Bank* v. *Downer,* 29 Vt. 332.) The amendments are permitted in support of the judgment actually given. The amendment is not designed or permitted to change or impair a decision or judgment, but is permitted only to support such decision and judgment by the new evidence. (*Petition of Lake, Deputy Sheriff,* 15 R. I. 628, [10 Atl. 653].) Mere lapse of time or the fact that the officer making the return is, at the time of the proposed amendment, out of office, does not affect the right of the court to order the return to speak the truth. (*Petition of Lake,* 15 R. I. 628, [10 Atl. 653]; *Scruggs* v. *Scruggs,* 46 Mo. 271; *Shenandoah Valley R. R. Co.* v. *Ashby's Trustees,* 86 Va. 232, [19 Am. St. Rep. 898, 9 S. E. 1003]; *Briggs* v. *Hodgdon,* 78 Me. 514, [7 Atl. 387]; *Wilkins* v. *Tourtelott,* 28 Kan. 589 [825]; *Luttrell* v. *Martin,* 112 N. C. 593, [17 S. E. 573]; *Herman* v. *Santee,* 103 Cal. 519, [42 Am. St. Rep. 145, 37 Pac. 509]; *Woodward* v. *Brown,* 119 Cal. 283, [63 Am. St. Rep. 108, 51 Pac. 2].) In *Jones* v. *Gunn,* 149 Cal. 687, [87 Pac. 577], defendants claimed title under a purchase at foreclosure sale. In an action to quiet title subsequently brought—a proceeding very similar to the one here at bar—when reliance was sought to be placed on the judgment-roll in the foreclosure proceedings, it was discovered that the return of service was unsigned. The sheriff, during whose term of office service had been made, was no longer in office. Yet the deputy sheriff who actually made the service was permitted to testify to the fact of service, the trial court allowed the amendment to be made in accordance with the fact, twelve years after, and ordered it filed *nunc pro tunc* as of the date when actual service had been made. The action of the trial court was upheld, and it was by this court declared that it was immaterial whether an amended return of service was filed or not because "the court had the unquestioned right to take evidence upon the fact of the service, since upon this fact, and not upon the return, the jurisdiction of the court

in foreclosure depended, and if it found the fact of service to exist, as here it did, then to admit the judgment-roll in evidence regardless of the defective return of service."

We do not understand that appellant seriously questions any of the foregoing principles. Indeed, so well settled are they that argument against them would be futile. Appellant, however, contends that the court has no power to modify or vary the judgment actually given, and, as we understand his argument, to allow an amended return to be filed is, in effect, a modification of the judgment. Herein reliance is placed upon such cases as *Scamman* v. *Bonslett*, 118 Cal. 93, [62 Am. St. Rep. 226, 50 Pac. 272], and *Herd* v. *Tuohy*, 133 Cal. 55, [65 Pac. 139]. In both of those cases, however, the amendment was a direct amendment of the judgment itself. In the first instance, the amendment made provision for a deficiency judgment—a provision which the original judgment did not contain. In the second, the decree was amended to award a personal judgment—a provision which the original judgment did not contain. And this court held, under the facts of each case, that the power so to amend the judgment did not exist. But in the case at bar there is no attempt, direct or indirect, to amend the judgment actually given, and that judgment, as has been pointed out, is a judgment against the administratrix of Timothy Morrissey's estate, foreclosing the interest of the estate in the property. Not only is this the judgment, but it is the judgment prayed for under appropriate pleadings. Appellants' real contention is that because the original return showing service upon Johanna Morrissey does not show service upon her *as administratrix,* the court, no matter what the facts may be, has no power either to permit the return to be amended, or, as in the case of *Jones* v. *Gunn,* 149 Cal. 687, [87 Pac. 577], to take evidence of the fact that service was actually had and made upon Johanna Morrissey as administratrix. But it will at once be seen from the foregoing that the contention of appellant in this regard is at variance with all reason and all authority. (23 Cyc. 872; Alderson on Judicial Writs & Process, par, 192.) It necessarily follows, therefore, that the trial court was correct in its rulings upon the matter. The formal order made by Judge Gray permitting the amended return to be filed in conformity with the fact being void for the reasons above stated, the return based upon that order

necessarily fell, since an amendment to a judgment-roll cannot be made excepting under the supervision and permission of the court. This circumstance, however, did not forbid the trial court in this case from doing as was done in the Jones case—taking testimony to establish the fact that service was actually had, permitting an amended return of service in accordance with the fact, or, without the filing of such an amended return, sustaining the judgment in the foreclosure suit, upon proof of the fact of due service.

It appears that Judge Gray, after judgment in foreclosure, took a deed from the widow and minor children of all their interest in the property. When that deed was actually executed is unimportant, since the defendant Gray neither deraigned nor attempted to deraign title through it. Evidently, as part of the same transaction, whatever it was, Judge Gray immediately deeded to Mrs. Morrissey all of the land affected by the homestead. Appellant, in his brief, seeks to establish some sort of fraud upon the part of Judge Gray in this transaction, and argues that this asserted fraud is in some way cumulative upon the question of the judge's disqualification. The matter could be disposed of by the unanswerable declaration that as no reliance is placed by any of these defendants upon the deed, it was properly excluded from and has no bearing on this case. But in justice to Judge Gray, who is thus attacked, it is proper to add that it is not conceivable that he could have attempted to gain any advantage by the transaction. The rights of none of the parties were affected by it; no reliance is placed upon it; everything which the widow and children could claim was immediately by him conveyed back to the widow; the rights of none of the minors were in any way affected or impaired, and the transaction seems to have been conceived in a spirit of friendship to the widow rather than in a spirit of hostility, by conveying back to her the homestead, relieved from any possible cloud which the foreclosure proceedings might be thought to have cast over it. And, finally, it may be added that these parties are accorded by the judgment of the trial court their interest in the homestead without the payment of any part or portion of the mortgage debt to which the homestead was subject, and from the burden of which it escaped solely by defective service of summons upon the original parties to the foreclosure action.

Appellants contend that as the action was by plaintiffs to quiet their title to the three-hundred-acre tract, it was error upon the part of the court to try the case piecemeal and give separate judgments touching the rights of separate defendants, but, under the nature of the action, this was not only the proper but the only course for the court to pursue. Certain of the lands had been sold in parcels; the rights of the holders of those parcels might be, and, as the trial proved in fact were, very different. Certain rulings of the court in admitting and rejecting testimony are objected to. They go to evidentiary matters already discussed, and what has thus been said relieves from the necessity of detailed consideration of them.

The judgment and order appealed from are, therefore, affirmed.

Shaw, J., Sloss, J., Angellotti, J., Lorigan, J., and Melvin, J., concurred.

Rehearing denied.