[Sac. No. 1891. Department Two.—May 20, 1912.]

# MATTHEW MORRISSEY et al., Appellants, v. JOHN C. GRAY et al., Respondents.

Foreclosure of Mortgage—Defendant Sued in Representative and Individual Capacity—General Return of Service of Process.—In an action to foreclose a mortgage against the estate of the deceased mortgagor, brought against his widow individually and as administratrix of his estate, and in which the summons was directed against her in both capacities, a general return of the sheriff that he served the summons and complaint upon her personally, nothing further appearing therein, will be construed as showing a service upon her in all the capacities in which she was sued.

Id.—Judgment-Roll—General Return of Service Not Proof that Defendant Was Served in Particular Capacity.—When from the judgment-roll it appears that a judgment is rendered against a defendant in a representative capacity, that the action was brought against him in a representative and individual capacity, the summons and complaint directed to him for service in both, and the return of the sheriff shows generally that personal service upon him of the process was made, it cannot be claimed, simply from the general return of service, that the service was upon him in one particular capacity rather than in all the capacities in which he was sued.

Id.—Intendments in Favor of Judgments—Jurisdiction Presumed.—All intendments are in favor of the validity of judgments of courts of general jurisdiction, and the jurisdiction of such courts in rendering a particular judgment is conclusively presumed to have been acquired unless the record itself shows to the contrary.

Id.—General Return Not Conclusive of Service in Individual Capacity Alone.—Where one is sued in both an individual and representative capacity and process is directed against him in both capacities, a return of service which simply states that process was served upon the defendant personally is not conclusive that such personal service was upon him only in his individual capacity, nor that he was not served in his representative capacity.

Id.—Amendment of Equivocal Return—Proof of Capacity in Which Service Was Made.—Under such circumstances, the return becomes equivocal or of doubtful inference, and the court could, in support of the judgment actually given, permit its amendment by the sheriff so as to show that in fact service was made on the defendant in the capacity in which the judgment against him was actually rendered, or upon a trial in support of said judgment allow proof of the actual capacity in which the service was made.

ID.—RESORT TO JUDGMENT-ROLL TO SHOW CAPACITY OF SERVICE—CON-
    CLUSIVE PRESUMPTION IN FAVOR OF JUDGMENT.—Where, from lapse
    of time or for other reasons, it may be impossible to make proof
    justifying the court, on motion, in allowing an amendment to the
    return, or, when the judgment is attacked, to supply evidence of
    the capacity in which service of process was in fact made in support
    of the judgment, resort must be had to the entire record, and where
    it appears therefrom that the true nature of the action against the
    defendant was in both an individual and representative capacity and
    process issued for service upon him in both capacities, these facts,
    in connection with the return of the sheriff that the service was made
    upon the defendant personally, warrant the conclusive presumption
    that in whatever capacity a judgment was rendered against him,
    service upon him in that capacity was had and jurisdiction to render
    it acquired.

APPEAL from a judgment of the Superior Court of Sutter
County.  K. S. Mahon, Judge.

The facts are stated in the opinion of the court.

W. H. Morrissey, for Appellants.

W. H. Carlin, Carleton Gray, and A. E. Boynton, for
Respondents.

LORIGAN, J.—This action is brought to have declared
void a certain judgment of foreclosure and deed issued upon
a sale thereunder, as also a subsequent deed from plaintiffs
to the defendant Gray, and for a decree that plaintiffs are the
owners of the real property described in said foreclosure judg-
ment and said deeds and that said Gray and the other defend-
ants hold said property in trust for plaintiffs.  A demurrer
to the second amended complaint was sustained and plaintiffs
declining to amend judgment was entered in favor of the
defendants and from the judgment plaintiffs appeal.

The complaint in this action is quite voluminous but, for
reasons hereafter to be stated, it will be necessary only to set
forth the allegations upon the one legal proposition which we
think it necessary to consider.

With respect to it the complaint alleged, that one Timothy
Morrissey died intestate in July, 1887, a resident of Butte
County, leaving real property therein consisting of three
hundred acres of land (described in the complaint) and as his

heirs at law his widow and eight minor children, said widow and five of said children being plaintiffs in this action; that said land was community property; that his widow, the plaintiff Johanna Morrissey, employed the defendant Gray, then a practicing attorney in Butte County, to represent her in procuring letters of administration upon the estate of her deceased husband, and that on August 1, 1887, he having made application in her behalf, she was appointed administratrix of his estate; that upon her application, said Gray representing her, an order of court was made March 26, 1888, setting apart to said widow and her children a homestead consisting of forty-five acres out of said three hundred acres of land; that prior to his death said Timothy Morrissey had executed a mortgage on said three hundred acres to one Mose Wick to secure an indebtedness of fifteen hundred dollars, and on April 15, 1892, proceedings were commenced to foreclose said mortgage, said Johanna Morrissey individually, and as administratrix of the estate of Timothy Morrissey, deceased, and all the children of said deceased, being named as defendants in the foreclosure complaint; that a return of service of summons in said action, as appears in the judgment-roll in said foreclosure proceeding is as follows: "Sheriff's service. I hereby certify that I received the within summons on the 17th day of April, A. D. 1893, and personally served the same on April 19th, A. D. 1893, by delivering to Johanna Morrissey a copy of said summons attached to a copy of the complaint personally in the county of Butte, and that by order of the plaintiff's attorney none of the other defendants were served. Dated this 19th day of April, 1893. R. A. Anderson, Sheriff, T. A. Atchinson, Deputy." That the defendant Gray became judge of the superior court of Butte County in 1891 and was such when the foreclosure proceeding was brought and thereafter; that none of the defendants named in said foreclosure proceeding appeared in said action, but on July 1, 1893, on the order of said Gray, presiding as superior judge, what purported on its face to be a judgment by default was entered therein against the plaintiff herein Johanna Morrissey in her individual capacity and not against any of the other defendants therein, and what purported to be a decree of foreclosure was made and entered by said court; that the said court never acquired jurisdiction over the subject-matter

of said property or of the said estate of Timothy Morrissey, deceased, or of plaintiffs herein by service of process or otherwise, and that said decree is of no validity against the said property and estate of said Timothy Morrissey, deceased, or the interests of plaintiffs therein; that on August 2, 1893, pursuant to said decree and an order of sale the property was sold by the sheriff to one C. T. Wick, who on the same day, at the solicitation of said defendant Gray, sold and assigned to the latter all the right acquired by him under the certificate of sale without the knowledge of these plaintiffs or either of them.

The complaint contains other allegations under which it is asserted that the defendant Gray, having acted as attorney for the widow in procuring letters of administration and an order setting apart the homestead, was disqualified to act judicially in the foreclosure proceeding, and hence the judgment rendered by him was void; that a certain amended return of the service of summons was ordered by him to be made as presiding judge of the superior court after he had acquired an interest in the property, and which amended return reciting that service of summons in the foreclosure proceeding had been made upon Johanna Morrissey as administratrix of the estate of Timothy Morrissey, deceased, was also void. It was also alleged that the defendant Gray, after obtaining the assignment of the certificate of sale from Wick, had procured from plaintiffs a deed to their interest in the three hundred-acre tract of land in consideration of a reconveyance by him to the plaintiff Johanna Morrissey of the homestead premises embraced in the decree of foreclosure and sheriff's certificate of sale, and that said deed was obtained from plaintiffs by the exercise of undue influence proceeding from the confidence and trust they reposed in him as former attorney in the administration of the estate, and alleged misrepresentations as to their rights in the property sold under the foreclosure proceeding.

The defendants filed a disclaimer as to any interest or claim to the land referred to in the complaint as the homestead premises and embraced in this action, at the same time that they filed their demurrer—general and special—which was sustained.

The complaint in the present action was filed after trial and

a judgment against the plaintiffs therein in a previous action subsequently appealed to this court and the judgment sustained in *Morrissey et al.* v. *Gray et al.*, 160 Cal. 390, [117 Pac. 438]. That action, which was brought by other children of Timothy Morrissey, deceased, co-heirs with these present plaintiffs in the land left by their deceased father, involved the validity of the same judgment as is attacked here, the right of recovery from the appeal being predicated on the part of plaintiffs therein, upon the same claim of invalidity as is now asserted in this complaint by the present plaintiffs. In the action referred to it will be observed, from an examination of the opinion of this court disposing of that appeal, that the claim of the plaintiffs there was that the judgment in the foreclosure proceeding of Wick *v.* Johanna Morrissey et al., which purported in terms to be a judgment of foreclosure against Johanna Morrissey as administratrix and against the estate of the deceased, was void because it appeared from the original return of service of summons in the judgment-roll that the only service thereof was made on Johanna Morrissey, individually, and not in her representative capacity as administratrix of the estate, and that the only judgment which the court could render, and which it was claimed in legal effect was rendered, foreclosed only the rights in the property of Johanna Morrissey, individually, and did not affect the interests of the other plaintiffs as heirs-at-law of deceased, no service having been made upon them; that the validity of that judgment is to be determined solely upon an inspection of the return of service made by the sheriff (recited above) as it appeared upon the face of the judgment-roll when the judgment became final, and that a certain purported amendment to this return thereafter made by order of the court—the defendant Gray presiding as judge—reciting that service was made on Johanna Morrissey as administratrix was void.

On the trial of the action referred to, the deputy sheriff who made the original return, was called as a witness and testified that in fact he had made service of process upon Johanna Morrissey as administratrix. The trial court permitted him to amend the original return accordingly and then sustained the judgment theretofore rendered as one foreclosing the interest of the estate of the deceased in the property.

It was held here on that appeal that the ruling of the trial court was correct, the amendment properly permitted and the judgment valid. That decision would appear, practically, to dispose of any possible advantage which could accrue to the present plaintiffs if the order of the superior court here involved sustaining the demurrer should be reversed. Upon the trial under the amended return which has been made a part of the judgment-roll the validity of the judgment would now be beyond question on any ground urged here.

Appellants, however, who were not parties to that action, or to that appeal, and are not bound by the judgment therein, have submitted this appeal on its own record for disposition and we are satisfied that under the allegation in the complaint here with reference to the matters contained in the judgment-roll the judgment is valid.

In this connection it may be observed that we are not concerned with the judgment in question as far as it purports to affect the rights of the plaintiffs, children of the deceased, in the homestead property embraced in the judgment of foreclosure and sale. The defendants have expressly disclaimed any interest or claim therein. The only question is as to the validity of the judgment foreclosing the interests of the estate in the remainder of the three hundred acres.

The principal contention of plaintiffs here in their attack upon the judgment is based upon the original return of service which it is claimed can alone be looked to in determining the capacity in which service upon Johanna Morrissey was made. While in *Morrissey* v. *Gray*, 160 Cal. 390, [117 Pac. 438], in referring to this original return it was said that "this return, of course, afforded no evidence of service upon Johanna Morrissey as administratrix of the estate," this language had reference to the return taken in consideration by itself, and without reference to the judgment which was actually rendered or to the pleading or process to which it was addressed. What effect the return would have on the validity of the judgment actually rendered, when taken in connection with all the matters contained in the judgment-roll, this court was not then considering, because the action of the trial court in permitting, on the trial, the amendment to the original return which was the principal matter discussed and sustained, made such consideration unnecessary. Here, however, the exact

situation is presented, the trial court doubtless basing its conclusion that jurisdiction over the administratrix of the estate of Timothy Morrissey, deceased, was acquired and the judgment properly rendered against her in that capacity, from an inspection of the entire record as it stood when the judgment was rendered, and we think that conclusion was right.

While the allegations of the complaint are not as ample as they might be with reference to the contents of the judgment-roll as recited therein, it sufficiently appears therefrom that the complaint in the foreclosure proceeding was drafted against Johanna Morrissey as administratrix to foreclose through her, as such, the interest of the estate of Timothy Morrissey, deceased, in the property and against her and the children individually to foreclose also any rights which she or they might personally have in the land. The summons was directed to her in her capacity as administratrix as well as individually, and the return of the sheriff was that he had made service thereof "by delivering to Johanna Morrissey a copy of said summons attached to a copy of the complaint, personally, in Butte County." No appearance was made by Johanna Morrissey in either capacity and subsequently a decree was rendered foreclosing through her as administratrix the interest of the estate of Timothy Morrissey in the property. No judgment was rendered against her individually, and, of course, none against the other defendants upon whom it appears no service was had. Notwithstanding these matters appearing in the judgment-roll it is insisted by appellants that the original return (which as we say it is claimed can alone be considered) shows that the service was made upon Johanna Morrissey only in her individual capacity. But this is not true in point of fact. There is nothing in the return which declares explicitly in what capacity she was served. It is a general return that she was served with a copy of the summons and complaint and in the nature of things, the complaint being against her in her capacity as administratrix and individually, and the summons being directed to her in both capacities, a service upon her personally, which the sheriff returns he made (nothing further appearing in the return), must be taken to have been made upon her in all the capacities in which she was sued. The purpose of the service of process is to give notice to a defendant that suit had been brought

against him so that he may have an opportunity to defend if he so elects. All that is necessary for a sheriff to do in making service, and his sole duty in that respect, is to deliver to the defendant a copy of the summons and a copy of the complaint and make return of that fact. It is not necessary in making service that the sheriff shall announce to a defendant the capacities in which he is sued or in what capacity he is served. He is informed of that by the receipt of the complaint and the summons. And when from the judgment-roll it appears that a judgment is rendered against a defendant in a representative capacity, that the action was brought against him in two capacities, representative and individual, the summons and complaint directed to him for service in both, and the return of the sheriff shows generally that personal service upon him of the process was made, we cannot perceive upon what principle it can be claimed, simply from the general return of service that the service was upon him in one particular capacity rather than in all the capacities in which he was sued. Counsel for appellants have cited us to no case where it has been so held. The cases to the effect that a judgment is void where one is sued in a representative capacity and judgment is rendered against him individually, or *vice versa* have no application. If one is sued in a representative capacity alone, and the return of summons is, as here, a general return of personal service and the judgment is against the defendant in a representative capacity it could not reasonably be contended in an attack upon the judgment, which would of course be made upon the same theory as is advanced here,—namely, that the return alone can be considered in determining the validity of the judgment—that the court must be constrained to a consideration solely of the return of service in determining the validity of the judgment. It could look to the entire judgment-roll; the complaint which showed an action brought solely against the defendant in a representative capacity, the summons directed to him in such capacity alone, and in support of the judgment as actually rendered, it would be held that the general return of personal service showed service upon the defendant in the capacity in which he was alone sued. No one would question the right of the court to consider all the matters appearing upon the judgment-roll in support of the judgment actually rendered, nor question

the validity of a determination that from such an inspection the return of service showed a service upon defendant, in the capacity in which he was sued and jurisdiction acquired to render judgment against him in that capacity. The same principle applies here. Johanna Morrissey was made a defendant in two capacities, the summons was addressed to her in both, the duty of the sheriff was to serve her in both, the delivery to her of a copy of the summons and complaint was in effect a service upon her in both, and the service upon her which the sheriff returned as personally made, taken in connection with the complaint and summons was a sufficient return of service in all capacities in which she was sued, and would have warranted a judgment against her in both, although here it was only entered against her in her representative capacity. All intendments are in favor of the validity of judgments of courts of general jurisdiction, and the jurisdiction of such courts in rendering a particular judgment is conclusively presumed to have been acquired unless the record itself shows to the contrary. And where one is sued in both an individual and representative capacity and process is directed against him in both capacities the return of service which simply states that process was served upon the defendant personally, is not conclusive that such personal service was upon him only in his individual capacity, nor that he was not served in his representative capacity. The return under such circumstances becomes equivocal or of doubtful inference. In such a case, as pointed out in *Morrissey* v. *Gray,* 160 Cal. 390, [117 Pac. 438], the court, in support of the judgment actually given, could under this equivocal or defective return permit an amendment by the sheriff so as to show that in fact service was made on the defendant in the capacity in which the judgment against him was actually rendered, or upon the trial in support of said judgment allow proof of the actual capacity in which the service was made. But cases may arise where from lapse of time or for other reasons, it may be impossible to make proof justifying the court, on motion, in allowing an amendment to the return to be made, or when the judgment is attacked to supply evidence of the capacity in which service of process was in fact made in support of the judgment entered. It then becomes necessary for the court to determine the validity of a judgment on other

considerations. It cannot, of course, be determined from the return itself, because that is equivocal, hence resort must be had to the entire record, and where it appears upon such resort that the true nature of the action against the defendant was in both an individual and representative capacity and process issued directed for service upon him in both capacities, these facts taken into consideration by the court, in connection with the return of the sheriff that the service was made upon the defendant personally warrant the conclusive presumption that in whichever capacity a judgment was rendered against him, service upon him in that capacity was had and jurisdiction to render it acquired.

As to the other claim made in the complaint that the judgment is void because of the previous connection of Judge Gray with the estate of Timothy Morrissey, deceased, as one of the attorneys for the administratrix, which it is alleged disqualified him from proceeding as superior court judge in the foreclosure matter and rendering a decree of foreclosure. The facts which are stated as allegations in the complaint in this respect are no different from those considered under the evidence in the appeal heretofore referred to—*Morrissey* v. *Gray,* 160 Cal. 390, [117 Pac. 438]—where it was held that they constituted no disqualification.

As to the further claim of fraud on the part of Gray in procuring the deed from plaintiffs. In view of the fact that the title of Gray to the property is deraigned through a sheriff's sale under the judgment in the foreclosure proceeding which we have just been considering, and which was valid as against the interest of the estate of Timothy Morrissey in the land, the deed from plaintiffs to Gray which they seek to avoid becomes of no moment. The title of Gray being valid under the judgment of foreclosure and sale he need place no reliance on that deed. He acquired nothing under it that he did not already possess. This matter is also sufficiently treated of in the case on appeal referred to and needs no further consideration.

The judgment is affirmed.

Henshaw, J., and Melvin, J., concurred.